## COHEN *vs*. MANCO.

The plaintiff in attachment ought to sign his affidavit, and if he does not, the defect is not amendable.

Attachment from Whitfield county. Decision by Judge TRIPPE, at October Term, 1858.

John L. Cohen sued out an attachment against Martin Mance, an absent debtor. At the term of the superior court to which the attachment was returnable, counsel for defenant moved to dismiss the case, on the ground that there was no affidavit as required by law.

The paper or writing purporting to be the affidavit made by plaintiff, prior to suing out the attachment, was not signed or subscribed by him, but was as follows:

State of Georgia, } J. L. Cohen comes before the Whitfield County. } undersigned, and on oath says that Martin Manco is indebted to him, the deponent, in the sum of one hundred and thirteen dollars and forty cents, due on settlement of account; and that said Martin Manco resides out of this State.

Sworn to before me this tenth day of August, 1858.

W. H. STANSELL, J. P.

The court granted the motion, dismissing the attachment on the ground therein stated, and holding further that the affidavit was not amendable. To which decision plaintiff excepted.

STANSELL represented by Walker, for plaintiff in error.

JOHNSON & JACKSON, *contra.*

*By the Court.*—BENNING, J., delivering the opinion.

Was the court right in holding, first, that the affidavit ought to have been signed by the plaintiff; secondly, that the defect of a want of his signature was not amendable? We think it was.

The attachment act says, that " before process of attachment shall issue, the party shall make affidavit," &c. Acts of 1856, 25. An affidavit is an oath in writing, signed by the party making it. What is not so signed, is not entitled to be called an affidavit.

Then, the act gives the form of the " affidavit," and in that form a place seems left for the signature of the plaintiff.—*Ib.* 35.

The old attachment act merely used the word oath and yet the construction of it was, that the oath must be one in writing, signed by the party taking it.

We think, then, that the affidavit ought to have been signed by the plaintiff.

The act, in the provision it makes for amendments, mentions, expressly, the attachment, the bond and the declaration, but is silent as to the affidavit. This, we think, significant of an intention, that the affidavit was to be not amendable.

So we think that the court was right on both questions.

       Judgment affirmed.