SAMUEL HART *et al.*, plaintiffs in error, *vs.* ISAAC N. HART *et al.*, defendants in error.

1. A court of equity will not interfere, at the *instance of a general creditor before judgment*, to set aside a voluntary conveyance alleged to have been made by the debtor to his wife, for the purpose of defrauding creditors, and to restrain the sale of such property, when the fraud alleged is the execution of such conveyance without notice to the creditors.

2. The act of 1873, in reference to attachments : Code, section 3297 *et seq.*, is prospective in its operation. ·

3. Whether the above act requires that bond should be given by the plaintiff is by no means clear.   The better practice would be for the judge to require such bond.

4. Can a decision removing an attachment issued under said act be excepted to?   *Quære.*

Injunction.   Debtor and creditor.   Judgment.   Fraudulent conveyance.   Attachments.   Bill of exceptions.   Practice in the Supreme Court.   Before Judge CLARK.   Sumter county.   At chambers.   September 9th, 1874.

It is only necessary to add to the facts stated in the decision that the ground on which the injunction was sought was that the consideration of the indebtedness to Samuel Hart was land and other property, which the complainant believed was used by the defendants in the purchase of certain lots in the city of Americus, upon which they erected a brick store ; that in 1868 or 1869, the defendants commenced a partnership business under the firm name of I. N. Hart & Company, which continued for several years, when it was dissolved by

the withdrawal of one member, and the sale to the defendant, Isaac N. Hart, by the other members, of their interest in said real estate; that all the members of said firm, with the exception of Isaac N. Hart, are insolvent, and he is seeking to divest himself by fraudulent means of the title to all his property, including the real estate above mentioned; that on February 1st, 1871, for the purpose of fraudulently defeating the rights of complainant, he pretended to convey said realty to his wife, Mary E. Hart; that no consideration was paid for said deed, and it was not recorded until June, 13th, 1874; that on the day last aforesaid said Mary E., also had recorded a deed to her to a part of said realty from R. F. Wiggins, the brother-in-law of said Hart; that said Wiggins had no valid title to the property therein conveyed, but colluding with said Isaac N., Mary E. *et al.*, to cheat and defraud complainant, for no consideration whatever, he signed said deed; that said Isaac N., and Mary E., are endeavoring to sell said property to an innocent purchaser for the purpose of defeating complainant in the collection of his debt. Prays for the writ of injunction.

By consent, the motion for injunction and the motion to remove the attachment, referred to in the decision, were heard together. The first was overruled, and the second sustained. To both of which rulings complainant excepted.

HAWKINS & HAWKINS; N. A. SMITH; B. P. HOLLIS; LYON & JACKSON, for plaintiff in error.

LANIER & ANDERSON; FORT &. McCLESKY, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendants, praying for an injunction to restrain them from disposing of or conveying certain described property mentioned therein. The presiding judge, on hearing the application for the injunction, and considering the answers of defendants and

Hart *et al. vs.* Hart *et al.*

the several affidavits filed by the respective parties, refused the injunction; whereupon, the complainant excepted. The defendants at the same time made a motion to remove an attachment which had been levied on the same property, under the provisions of the 3297th section of the Code, which motion was granted, and the plaintiff excepted.

1. The complainant alleges that he is a general creditor of the defendant; that the defendant became his debtor by the indorsement of certain described notes, and it is not alleged that the complainant has ever instituted any suit thereon against the defendant. This case comes within the rulings of this court in *Cubbedge & Hazlehurst vs. Adams*, 42 *Georgia*, 124, and *Oberholser & Keefer vs. Greenfield*, 47 *Ibid.*, 530, in which it was held that, as a general rule, a court of equity will not interfere, at the instance of a general creditor before judgment, to set aside a voluntary conveyance alleged *to have* been made for the purpose of defrauding creditors, and restrain 'by injunction the sale of property held by the debtor under such voluntary conveyance, on the ground of fraud. The allegations of fraud made in the complainant's bill are not sufficient, in our judgment, to take the case out of that general rule, and, therefore, we will not control the discretion of the presiding judge in refusing to grant the injunction.

2. It appears from the record that the attachment was sued out and levied upon the property pending the operation of the temporary injunction which had been granted in this case, so that the defendant was subjected to both processes of the court at the same time, for the same cause; besides, the conveyance of the property complained of was made some time previous to the passage of the act of 1873, authorizing the issuing of the attachment, which act was *prospective* in its operation. But it was insisted, on the argument, that the failure to record the deed of conveyance after the passage of the act was such a fraudulent concealment as would bring the defendant within its provisions. The reply is, that the plaintiff, in his affidavit to obtain the attachment, does not state that as one of the grounds for obtaining it. The ground stated in the

affidavit is, that the defendant made a voluntary deed of conveyance of the property to his wife for the purpose of avoiding the payment of the plaintiff's debt; that he is insolvent, and that he and his wife are endeavoring to sell the property to a *bona fide* purchaser for a valuable consideration.

3. There was no bond and security given by the plaintiff in attachment in this case. Whether the plaintiff, in suing out an attachment under the provisions of the 3297th section of the Code, is required to give bond and security in double the amount of the debt, as in other attachment cases, is not by any means clear from the words of the statute; but in any view which may be taken of it, we think the judge issuing the attachment should require a bond, in his discretion, before he grants this summary process for the seizure of the defendant's property. In view of the facts of this case, as disclosed in the record, we will not interfere with the exercise of the discretion of the presiding judge in removing the attachment.

4. By the act of 1873, embodied in the Code, it is declared that "a refusal to grant such attachment shall not be conclusive on the party applying, but he may except to the decision and carry the same before the supreme court for review, as applications for injunction were carried *prior* to the act of 1870. So, also, the granting of such attachment may be excepted to, as refusals to grant injunctions *prior* to said time." Whether this case, so far as it relates to the attachment, is now properly before this court for review, *quære ?*

Let the judgment of the court below be affirmed.