ROGERS *vs.* THE E. M. BIRDSALL COMPANY.

Before an attachment can issue under sections 3297 and 3297(a) of the Code, it is essential that bond and security be required by the judge of the superior court, and that such bond be given by the petitioner before the grant of the writ.

December 4, 1883. (Head-note by the court)

Attachment. Bonds. Before Judge LAWSON. Morgan County. At Chambers. April 24, 1883.

The E. M. Birdsall Co. petitioned for an attachment under §3297 *et seq.* of the Code. The attachment issued and was levied. The defendant filed an application to dissolve it. On the hearing, defendant moved to dismiss the attachment, because no bond had been given. The motion was overruled, and this was one ground of exception.

J. F. ROGERS, for plaintiff in error.

F. C. FOSTER; McHENRY & McHENRY, for defendant.

JACKSON, Chief Justice.

A motion was made to dismiss the attachment, because it was granted on plaintiff's petition before bond and security was required and given. The motion was denied, and defendant in attachment excepted. The construction of sections 3297 and 3297(a) settles the point clearly against the judgment of the court below. Section 3297 provides that, whenever a debtor shall sell or convey, for the purpose of avoiding the payment of his debts, or shall threaten or prepare so to do, his creditors may petition the judge of the superior court for an attachment, etc. This was the act of 1873, codified in this section. No direct requirement was made for bond and security in that act, and none is contained in that section. In 52 *Ga.*, 376, however, this court held that "the judge issuing the attachment should require a bond, in his discretion, before he grants this summary process for the seizure of defendant's property." That was the construction put upon the section 3297 alone, by this court, in 1875, before the act of 1877, codified in §3297 (a), was passed.

That act of 1877 was entitled an act to amend the other generally, without any reference to the new ground of attachment, which merely adds the act of making a fraudulent lien to the other acts contained in §3297 as authorizing an attachment; and it enacts further, and is so codified in §3297 (a), that "in all cases where an attachment is sought against the fraudulent debtor, the officer issuing the same shall require bond and security of the applicant for attachment, as in other cases of attachment.

In all other cases of attachment, the bond and security must be required and given before the harsh writ is issued. Code, §§3294, 3266. So that it must be too clear for argument, that the court erred in issuing this attachment, though founded on the grounds in §3297, before he required

and took the bond with security, which the law declares shall be taken. The writ is a harsh process, and the prerequisites must be required strictly.

Judgment reversed.