CLAY vs. TAPP, LEATHER & COMPANY et al.

An attachment against a fraudulent debtor cannot issue under §3297 of the code until after a bond has been taken in pursuance of §3298. Nor will a mandate of the judge who issued the attachment, written in the margin of the same, declaring that the attachment is not to be levied until a bond approved by the clerk has been given, render the writ valid, there being no provision of law for qualifying the attachment in that way.

March 3, 1888.

Attachment. Fraud. Debtor and Creditor. Bonds. Before Judge FORT. Sumter Superior Court. April Adjourned Term, 1887.

This decision embraces three cases, numbered on the Supreme Court dockets, 7, 8 and 10 of the Southwestern circuit.

Attachments in favor of the defendants in error were levied on a stock of goods as the property of Dickson & Vigal, and Clay interposed a claim. On refusal to dismiss the attachments, the cases went to trial, which resulted in verdicts finding the property subject; and on refusal of new trial, the claimant excepted, assigning error on such refusal, and on the refusal to dismiss the attachments. The remaining material facts are stated in the decision.

E. A. HAWKINS; GUERRY & SON; B. P. HOLLIS; E. G. SIMMONS; E. F. HINTON, for plaintiff in error.

JAS. DODSON & SON; N. A. SMITH; J. C. MATHEWS, for defendants.

BLECKLEY, Chief Justice.

These three case were argued together. They each involve the question whether the court should have dismissed the levy upon motion of the claimant. In No. 7, the attachment was issued November 12th, 1885; the bond was

given and approved by the clerk November 13th; the levy was made on the 13th; the petition was sworn to by the plaintiffs' attorney, the affidavit being that " the statements contained in the petition are based upon the affidavits by M. B. Council and —— Timberlake, here to the court shown, except as to the amount of the debt, and that is true to the best of deponent's knowledge and belief." In No. 8, the attachment was issued November 10th, 1885; bond was given and approved by the clerk November 11th, and the attachment was levied on the 11th. In No. 10, the petition refers to an affidavit of M. B. Council and J. B. Timberlake herewith submitted. The affidavit of the plaintiffs' attorney simply swears to the debt, as set forth in the petition, to the best of deponent's knowledge and belief—not otherwise verifying the petition. All three of the attachments were issued by the judge of the superior court. Upon the margin of that in No. 7, he made this entry: " This attachment not to be levied until a bond approved by the clerk of the superior court of Sumter. county, is given." Upon the margin of that issued in No. 10 he made this entry: " This attachment not to be levied until good and sufficient bond is given, to be approved by the clerk of Sumter superior court." In each of the cases, a motion was made by the claimant to dismiss the levy, because it appeared that the attachment was issued before any attachment bond had been given by the plaintiffs, as required by law. In two of the cases the motion embraced other grounds, which need not be here specified. The court refused to dismiss the levies, and in this we think it erred. An attachment against a fraudulent debtor cannot issue under §3297 of the code, until after a bond has been taken in pursuance of §3298. *Rogers vs. Birdsall Co.*, 72 *Ga.* 133. We do not think that the marginal notes of the judge on the two attachments did anything to save their validity, there being no law for qualifying attachments in that way. The head-note sets out distinctly what we rule upon the subject.

As all the cases are thus disposed of, we need make no ruling touching the verification of the petitions in the two cases which were not sworn to positively. Upon that subject, we only refer to *Loeb vs. Smith Bros. & Co.* and *Gazan vs. Royce & Co.*, decided at March term, 1887. 78 *Ga.* 504, 512.

Judgment reversed.