MEINHARD BROTHERS & COMPANY v. NEILL.

The issuance of an attachment under ?3297 of the code is not authorized by an affidavit to the petition therefor to the effect that

the allegations in it are true so far as they come within the knowledge of the affiant, and so far as derived from the knowledge of others he believes them to be true, but swearing positively to the amount of the debt; nor will the dismissal of the levy of such an attachment be prevented by another affidavit that the claimant had stated to the affiant that he had bought the defendant's stock of goods, and when he got the amount due him, he was to turn over the balance to the defendant or anybody he might direct.
April 21, 1890.

Attachments. Verification. Practice. Before Judge RONEY. Burke superior court. December term, 1889.

Reported in the decision.

LOVETT & DAVIS, P. P. JOHNSTON and E. L. BRINSON, for plaintiffs, cited Code, §§1952-3, 2751; 24 *Ga.* 431; 28 *Ga.* 520; 78 *Ga.* 508, 522; 9 S. E. Rep. 732; 24 S. C. 196.

LAWSON, CALLAWAY & SCALES and BOYKIN WRIGHT, for claimant, cited Code, §§3297, 3298, 3300; 79 *Ga.* 596-600; 78 *Ga.* 504, 512; 75 *Ga.* 602; 72 *Ga.* 134; 71 *Ga.* 859; 60 *Ga.* 112; 54 *Ga.* 678; 53 *Ga.* 558; 52 *Ga.* 332; 48 *Ga.* 12; 28 *Ga.* 351; 9 *Ga.* 351, 598; Drake Att. §§83-86, pp. 87, 100, 104, 106.

BLANDFORD, Justice.

This was an attachment sued out by the plaintiffs in error against one Blackwell. It was levied on certain property, which was claimed by Neill, the defendant in error. At the trial, the defendant in error moved to dismiss the levy because the *grounds* of the attachment were not sufficiently verified. It appears that the attachment was issued by the judge of the superior court, under section 3297 of the code. The affidavit to the petition was made by one Wood Abrams, to the effect that the allegations in it were true so far as they came within his knowledge, and so far as derived from the knowledge of others, he believed them to be true; but he alleged the amount of the debt positively. There

was another affidavit in the case, which stated that
Neill, the claimant, had stated to the affiant that he
had bought Blackwell's stock of goods, and when he
got the amount due him, he was to turn the balance
over to Blackwell or anybody that he might direct.
These were the only affidavits presented by the plain-
tiffs in error to sustain the attachment prayed for. The
court sustained the motion to dismiss the levy, and in
this we think the court was right. We do not think
the affidavit to the petition amounted to anything ex-
cept to show the amount of the debt which Blackwell
owed the plaintiffs in error. The grounds of attach-
ment in a case like this must be positively alleged and
must be sustained by positive proof as to the truth
thereof. Without this the trial judge would have no
right to issue the attachment. This not having been
done in the present case, the dismissal was proper; and
the judgment is                              *Affirmed.*