MOORE, MARSH & CO. *v.* NEILL. WAXELBAUM *v.* NEILL.

1. These attachments were void under the ruling in *Meinhard* v. *Neill*.
2. Void attachments would derive no validity from any amendment of the petitions on which they were issued, void proceedings not being amendable.

November 21, 1890.

Attachments. Fraud. Debtor and creditor. Before Judge RONEY. · Burke superior court. December term, 1889.

In these cases and those of Gray and Coleman, following, the petitions were for attachments under the code, §3297 *et seq.*, and upon them the judge issued attachments which were levied upon goods to which claims were interposed by Neill. The petitions of Gray and of Coleman were presented to the judge on December 11, 1888; that of Waxelbaum, on January 9, 1889; and that of Moore, on January 25, 1889. The affidavit of Blackwell, supporting the petitions of Gray and Coleman, is recited in the opinion of Justice BLANDFORD in those cases. Similar affidavits for him were written out and attached to the petitions of Waxelbaum and Moore, but were not signed; and to these two petitions were attached affidavits of the attorney at law for the petitioners, stating that the allegations contained in the petitions, so far as they came within his knowledge, were true, and so far as derived from the knowledge of others he believed them to be true; and the affidavits of Gray, stating that on November 15, 1888, and after the pretended sale by Blackwell to Neill, Neill told Gray that he (Gray) need not be uneasy, that he (Neill) and Blackwell "had an understanding that when he (Neill) got his money out of the business, he was to convey to such person as Blackwell should name, and if Blackwell or any friend could or would raise that money, he was to turn the property over to such one

as Blackwell desired, that he did not intend and it was
not so understood that he was not to make a cent out
of Blackwell, that he was the best friend Blackwell
had in the world, etc." The claimant moved to dis-
miss the levies, because the allegations of the petitions
were not positively sworn to, and because they' were
not supported by sufficient written evidence to have
authorized the issuance of the attachments. Counsel
for the plaintiffs in attachment moved to amend their
petitions by attaching to them certified copies of a peti-
tion supported by positive affidavit of the claimant, on
which the judge had issued an attachment against
Blackwell on November 15, 1888, which attachment
was levied on the stock of goods now claimed by Neill;
and by also attaching to the petitions of Waxelbaum
and Moore certified copies of the petitions of Gray and
Coleman, with the affidavits thereto attached. The
petition supported by the affidavit of the claimant, was
of file in the clerk's office at the time of the issuance
of the Gray and Coleman attachments; and the Gray
and Coleman petitions with the attached affidavits were
of file in that office at the time of the issuance of the
Waxelbaum and Moore attachments. At the time the
judge issued the attachments now in question, he re-
called that he had issued the attachment on the petition
supported by the claimant's affidavit, but this petition
and affidavit were not before him nor formally ten-
dered. When the Waxelbaum and Moore petitions
were presented to him, he noted that the affidavit for
Blackwell was unsigned, and the plaintiffs' counsel
stated that Blackwell was absent, but that the unsigned
affidavit was a substantial copy of those Blackwell had
signed; and though the judge remembered the sub-
stantial portions of the affidavits which Blackwell had
signed, they were not before him nor tendered when he
issued the Waxelbaum and Moore attachments. The

motions to dismiss all the levies were sustained, and exceptions were taken in each case.

P. P. Johnston and E. L. Brinson, for plaintiffs.

Lawson, Callaway & Scales and Boykin Wright, for claimant.

Bleckley, Chief Justice.

1. The affidavits supporting the petition for attachment in each of these cases were substantially the same, in all essential particulars, as those which were ruled insufficient in *Meinhard* v. *Neill*, 85 *Ga.* 265, 11 S. E. Rep. 613. That case being directly in point, is a controlling, and to us a satisfactory authority in the present cases.

2. The only remaining question is, whether the court erred in denying the application made by the plaintiffs in attachment to amend their petitions for attachment, by appending to the same certified copies of certain documents connected with other attachment cases, but which had never been part or parcel of the papers appertaining to these two cases or either of them. This application was made long after the attachments were issued and levied, and not until a motion was pending to dismiss the levy, which motion involved the question whether the attachments on their face were void. Their validity or invalidity would have to be determined before the right to amend the petitions could properly be decided; for if they were void, there was nothing to amend. That they were void, is established by the case of *Meinhard* v. *Neill*, above cited. It follows that, in its effects, that case is controlling on the question of amendment also.                    *Judgment affirmed.*