GRAY *v.* NEILL.    COLEMAN, BURDEN & CO. *v.* NEILL.

The grounds of petitions for attachments under code, ₰3297, being that the debtor had conveyed all his property to the agent of cer‗

tain of his creditors, with the understanding between them that, after these creditors had been paid, the agent was to reconvey the property to the debtor or any other person he might desire, and that this arrangement was made by the debtor for the purpose of avoiding the payment of his debts; and such petitions being verified by the affidavit of the debtor himself, deposing that the facts stated in the petitions were substantially correct, except that the conveyance was not made for the purpose of defrauding his creditors, but he hoped by thus hindering and delaying them to gain time, and intended eventually to pay his creditors in whole or in part, if he could do so: *Held,* that the attachments were lawfully issued.

November 21, 1890.

Attachments. Fraud. Debtor and creditor. Before Judge RONEY. Burke superior court. December term, 1889.

Reported in the decision.

P. P. JOHNSTON and E. L. BRINSON, for plaintiffs.

LAWSON, CALLAWAY & SCALES and BOYKIN WRIGHT, for claimant.

BLANDFORD, Justice.

These two cases rest upon precisely the same facts. Both were cases where attachments were sued out under section 3297 of the code and levied upon certain property as the property of Blackwell, which was claimed by Neill. Upon the trial of the cases, Neill moved to dismiss the attachments upon the ground that the allegations contained in the same were not sufficiently verified. The court sustained the motion and dismissed the attachments. This ruling of the court is excepted to, and is the error complained of.

In looking into the records in these cases, we find that the grounds of the attachments were that Blackwell, the debtor, had transferred and conveyed all of his property to Neill, the agent of another person or firm, with the understanding between them that after the firm which Neill represented had been paid, then Neill was to reconvey the property thus conveyed to him by

Blackwell either to Blackwell or to any other person Blackwell might desire, and that this arrangement was made by Blackwell for the purpose of avoiding the payment of his debts. We further find that these petitions were verified by Blackwell, the debtor himself, by an affidavit in which he says that the facts stated in the petitions are substantially correct, except that the conveyance to Neill was not made for the purpose of defrauding his creditors, but he hoped by thus hindering and delaying them to gain time, and intended eventually to pay his creditors in whole or in part if he could do so. We think this statement in the affidavit of Blackwell shows that the plaintiffs in error in these cases had the right to sue out these attachments under §3297 of the code. That section provides that whenever a debtor shall sell, or convey, or conceal his property liable for the payment of his debts, for the purpose of avoiding the payment of the same, and this is made to appear to the judge of the superior court, an attachment may issue. The learned judge, as it seems to us, granted the motion to dismiss the attachments sued out in these cases, upon the ground that Blackwell, the debtor, stated that the conveyance was not for the purpose of defrauding his creditors. But it will be seen, by looking at this section of the code, that whenever a debtor makes a conveyance, or sells his property for the purpose of avoiding the payment of his debts, then, in such a case, an attachment may issue. Whether this debtor intended to defraud his creditors or not, if the conveyance which he made to Neill was for the purpose of hindering and delaying his creditors (as he says it was), then we think it was for the purpose of avoiding the payment of his debts. Every man is required to pay his debts when they fall due, and if he does anything with his property to prevent his creditors from collecting their debts when they become due, by selling or conveying it so as to hinder or

delay them in the collection of the same, then we think such debtor falls within the provision of the section above mentioned. And we think that the affidavit of Blackwell, which appears in the records of these cases, fully sustains the allegations contained in the petitions of plaintiffs for the issuing of attachments. See case of *Brown* v. *Massman*, 71 *Ga*. 859. In the case of *Loeb* v. *Smith*, 78 *Ga*. 504, this section, and the following sections of the code on the subject, are fully discussed by this court in an opinion delivered by the Chief Justice. A proceeding under this section of the code is in its nature similar to a proceeding in equity *quia timet;* and it was there ruled, and has subsequently been held, that the ordinary proceeding under this section of the code would be for the party to petition for a writ of attachment, to present his proofs by affidavits to the judge, and that such judge, after having considered the proofs submitted to him and found them sufficient, should then adjudge and grant an order that the attachment issue. The attachment might be issued by the judge himself thereafter, as under the law of this State he has a right to issue an attachment; or by any other officer who, under the law of this State, is authorized to issue attachments in such cases. It might be issued by the clerk of the superior court under the direction of the judge, the papers containing the affidavits and proofs submitted to the judge upon such application being filed with the clerk of the court. The opposite party, if he thought proper so to do, might except to the issuing of such attachment, and by writ of error could have the same reviewed by this court; or he might controvert the grounds of the attachment by applying to the judge, stating fully and distinctly his grounds of defence, and showing why such attachment should not have been issued or should be removed, supporting the same by affidavit or such other

testimony as he can control; and the judge should then appoint a time and place for hearing both parties (plaintiff and defendant), provide for due notice to all persons interested, allowing them full opportunity to sustain their respective cases, as in application upon injunction, and upon a review of the law and the facts of the case, make such order in the premises as is consistent with justice, either totally or partially removing such attachment, or wholly or partially retaining the same, or disposing of the same in some manner which would be equitable and just to all parties. And it is further provided that the decision of the judge granting or refusing an attachment under the provisions of this article may be excepted to and carried to the Supreme Court, as was practiced in applications for injunctions prior to the 28th of October, 1870. See, also, the case of *Gazan* v. *Royce*, 78 *Ga.* 512; and see *Clay's* case, 79 *Ga.* 596. The present case differs from the case of *Meinhard* v. *Neill*, 85 *Ga.* 265. In that case, as it appeared to us, the petition for attachment was not sufficiently verified. There was no affidavit of Blackwell in that case, nor was there any affidavit or other proof submitted showing positively that the grounds of the attachment were true, which has been held in the cases above cited.

So we think that the court below committed error in dismissing the plaintiffs' attachments in these two cases, and the judgment of the court is therefore *Reversed.*