FIRST NATIONAL BANK OF ROME *et al. v.* RAGAN *et al.*

1. The act of Feb. 21st, 1873, providing for the issuing of attachments against debtors on the ground of fraud, confers no authority for issuing attachments returnable to any court except the superior court.   And the local act applicable to the city court in Floyd county (Acts 1882-3, 534) does not vary the general law on this subject.

2. The statutory rule (Code, §3309) that valid general judgments may, after notice of the pendency of the attachment, be rendered against the defendant notwithstanding the attachment be dismissed, does not apply when the court to which the attachment was returnable has no jurisdiction of that class of attachments; and the appearance of the defendant and a traverse filed by him of the ground on which the attachment was issued will not render valid a general judgment against him in favor of the attaching creditor as against third persons, although such appearance and filing of traverse might operate to make the judgment good as against the defendant himself, under section 3309 of the code and cases construing the same.

July 26, 1893.

Money rule.   Before Judge HENRY.   Floyd superior court.   September term, 1892.

This was a contest between creditors of Holt for a fund raised by receiver's sale of his property.   On November 14, 1889, certain of the creditors obtained attachments against Holt as a fraudulent debtor, which were issued by the judge of the superior court and made returnable to the city court of Floyd county.   They were levied on certain realty, a stock of goods, etc.   In all of the attachment cases declarations were duly filed at the first term of the court.   In each was filed a traverse of the grounds of attachment, and upon the hearing the city court found against the traverses and against

all motions to dismiss the attachments, and rendered judgments in favor of each of the plaintiffs against Holt and against the property levied on. After these levies a creditors' petition of Ragan *et al. v.* Holt *et al.* was filed in the superior court, praying for the appointment of a receiver for the assets of Holt; and under this petition the sheriff was appointed receiver. This petition attacked as fraudulent and void a mortgage previously given by Holt, and on the trial of this issue the jury found for the petitioners. No judgments have been rendered on their claims.

The court ruled that none of the attaching creditors had any lien on the fund by virtue of their attachments or common law judgments, prior to the claims of the general creditors, because the city court of Floyd county had no jurisdiction to hear or determine the attachment cases, and that the same were illegally returned to that court and should have been returned to the superior court.

DEAN & SMITH, DONALD HARPER, DABNEY & FOUCHÉ and W. W. BROOKES, for plaintiffs.

REECE & DENNY, E. P. TREADAWAY, W. J. NUNNALLY, R. R. HARRIS, C. A. THORNWELL, ALEXANDER & WRIGHT and GEORGE & WALTER HARRIS, *contra.*

BLECKLEY, Chief Justice.

1. From the whole tenor and phraseology of the act of Feb. 21st, 1873 (Code, §§3297, 3298 *et seq.*), it is manifest that no authority for ordering or issuing attachments against debtors on the ground of fraud was intended to be conferred except as to attachments returnable to the superior court. True, that court is not expressly mentioned as the one to which the attachments are to be returnable, but we think that court and it alone was in contemplation. It surely was not the purpose of the statute for the judge of the superior court to prepare

business for justices' courts, city courts, and all others
which might have jurisdiction over ordinary attach-
ments.   The act, as shown by §3301 of the code, made
.the decision of the judge granting an attachment or re-
fusing it subject to review by this court.   Can it be sup-
posed that the legislature intended to make preliminary
orders passed by a judge of the superior court, on busi-
ness returnable to and triable in a justice's court, matter
for review by the Supreme Court?   Could the legislature
do so, if such was its purpose, in view of the provisions
of the constitution (Code, §5133) which makes this a
court alone for the trial and correction of errors from
the superior courts and from city courts ?   As the act
makes provision for carrying to this court any decision
of the judge granting or refusing an attachment, it is
evident that the legislature intended the power of review
'to apply to all cases which the act provides for, and it
could not apply to all constitutionally unless all were
regarded as business pertaining to the superior court,
and this could not be if some of the attachments could
or might be made returnable to other courts.   Another
consideration tending to show that the business contem-
plated was superior court business only, is, that after
property has been attached without a hearing, the de-
fendant in attachment may apply to the judge to dissolve
or remove the attachment wholly or partially, and on
this application the judge is empowered to act, so that
even after the attachment has been levied it is treated as
still under the jurisdiction of the judge of the superior
court who ordered it to issue.   Code, §3299.   Could it
have been the purpose of the act to have that judge pass
upon the levies which had been made on attachments
returnable to the justices' courts or other jurisdictions,
such as city and county courts?   We are convinced that
no such scheme was or could have been in the legislative
mind.   The judges of the superior courts were clothed

with the powers conferred by this act because they were in the nature of equity powers, and equity powers had always been confided in this State to the superior courts and to none others. The local act applicable to the city court of Floyd county (Acts of 1882–3, p. 534) does not, if it could, trench upon the general law touching this class of attachments. The attachments of which it speaks and to which it refers are ordinary attachments, not these special and, as they might be called, equity attachments, which the judges of the superior courts alone are empowered to grant.

2. It was contended that, although the attachments as such might be void, the city court had power to render valid general judgments in the cases by virtue of §§3309, 3328 of the code, Holt, the defendant in attachment having appeared in the city court and traversed the ground on which the attachment issued. The first of these sections says that "no declaration shall be dismissed because the attachment may have been dismissed or discontinued, but the plaintiff shall be entitled to judgment on the declaration filed, as in other cases at common law, upon the merits of the case." The latter is in these words : "When the defendant has given bond and security, as provided in section 3319 of this code, or when he has appeared and made defence by himself or attorney at law, or when he has been cited to appear, as provided in section 3309 of this code, the judgment rendered against him in such case shall bind all his property, and shall have the same force and effect as when there has been personal service, and execution shall issue accordingly, but it shall be first levied upon the property attached. In all other cases, the judgment on the attachment shall only bind the property attached, and the judgment shall be entered only against such property." But these were not such attachments as that any declarations in the city court founded upon them could

have been legally filed. That court had no jurisdiction of the attachments and consequently no jurisdiction of the declarations which were based upon them. The defendant could not be. brought into the city court by that means. If he chose to come voluntarily and thereby waive the question of jurisdiction, he could do so, by virtue of §3460 of the code, so far as his own rights were concerned, but not so as to prejudice third persons. As this section has been construed in cases heretofore decided by this court, other creditors of his are to be considered as third persons, and as they cannot be prejuduced by his waiver in respect to jurisdiction, their general judgment liens against his property are to be treated just as though the judgment requiring this waiver to support it had never been rendered. Had the attachments belonged to a class over which by any legal possibility the city court could have exercised jurisdiction, then the sections of the code cited would have been applicable, for the attachments would have been such as these sections speak of and refer to. But with attachments ordered and issued on the ground of fraud, no matter by whom the order is made, the city court has no concern. Relatively to that court such an attachment is none at all, and the defendant might as well have gone there and confessed judgment without any process ever having issued to call for his appearance as to have gone in consequence of these attachments, they being utterly void so far as the city court was concerned.

*Judgment affirmed.*