### ENGLISH *v.* REED.

It appearing that the plaintiff in attachment had given an attachment bond on the same day the attachment was issued and levied, a plea by the surety upon the replevy bond given by the defendant in attachment, alleging "that said attachment and the levy thereunder was utterly void, said attachment having been issued and levy made without the necessary attachment bond having been first given," was properly stricken on demurrer. Construed in the light of the entire record, this plea could not be treated as alleging that no attachment bond at all had been given, nor as negativing the fact that an attachment bond of some description had been given before the issuing and levy of the attachment. If the purpose of the plea was to attack the attachment bond actually given, the plea was bad because it failed entirely to point out any defect in the bond. November 15, 1895.

Appeal. Before Judge Sweat. Ware superior court. April term, 1895.

*Hitch & Myers*, for plaintiff in error.

*Leon A. Wilson*, contra.

LUMPKIN, Justice.

In order to support an attachment, the plaintiff must give a bond as required by law, and a failure to do so

would be a good ground for dismissal. It follows necessarily, that where an attachment has been levied and the property replevied by the defendant in attachment, a surety upon the bond given by the latter could set up as a legal reason why a judgment should not be entered against him on the replevy bond, that the attachment had been issued without the necessary accompanying bond. In order, however, to make this defense available, the surety should distinctly and unequivocally aver that no attachment bond had in fact been given before the issuing and levy of the attachment.

In the present case, a judgment was entered in a justice's court against the defendant in attachment and his surety upon the replevy bond. An appeal from this judgment was taken to the superior court; and upon a hearing of the same, after the plaintiff had introduced certain evidence, the surety offered a plea alleging "that said attachment and the levy thereunder was void, said attachment having been issued and levy made without the necessary attachment bond having been first given." The record before us shows affirmatively that an attachment bond was in fact given on the very day the attachment was issued and levied. Construing the plea referred to in the light of this fact, it cannot be treated as alleging that no attachment bond at all had been given in the first instance. There is a possible play upon the word "necessary"; and in view of the record, the language above quoted from the plea would seem really to mean that the attachment bond actually filed was, for some reason or other, imperfect or incomplete. In other words, the surety attempted by his plea to aver, in effect, that the "necessary"—that is to say, the *requisite*—bond had not been given. This is not a good plea. If he meant to allege that no attachment bond at all had been given, it would have been easy to say so. If the purpose of his plea was to attack the sufficiency of the bond actu-

ally given, the defect or defects in it ought to have been specifically pointed out.

The order striking the plea was properly granted.

*Judgment affirmed.*