FORDHAM, assignee, *v.* EHRLICH & BROTHER.

1. This court has jurisdiction to review, by direct writ of error, judgments rendered by the city court of Bainbridge.
2. The judge of that court is without power to grant an application for an attachment such as the Civil Code, § 4543, provides may issue upon a petition therefor addressed to a judge of the superior court.

Argued June 10, — Decided June 29, 1903.

Attachment and claim.    Before Judge Bower.    City court of Bainbridge.    September 9, 1902.

*A. H. & R. B. Russell* and *R. W. Fleming*, for plaintiff in error. *Townsend & Westmoreland*, contra.

FISH, J. 1. On the call of this case, counsel for the defendants in error made a motion to dismiss the same, on the ground that this court was without jurisdiction to review, by direct writ of error, any judgment rendered by the city court of Bainbridge. The question of jurisdiction raised by this motion requires no discussion, since it has heretofore been definitely settled, adversely to the movants, by prior decisions of this court. See *Alabama Midland Ry. Co.* v. *Swindell*, 117 *Ga.* 883, and cases cited.

2. The controlling question presented by the bill of exceptions sued out in this case is whether or not the judge of that court has power to issue an attachment such as is authorized by the Civil Code, § 4543. The provisions of this section were introduced into the statutory law of force in this State by the act of February 24, 1873, which declared that "whenever a debtor shall sell or convey or conceal his property, liable for the payment of his debts, for the purpose of avoiding the payment of the same, or whenever a debtor shall threaten or prepare to do so, his creditor may petition the judge of the superior court" to issue "an attachment against the property of such debtor," etc. In the case of *First National Bank* v. *Ragan*, 92 *Ga.* 333, it was held that this act conferred "no authority for issuing attachments returnable to any court except the superior court," and that "the local act applicable to the city court of Floyd county [did] not vary the general law on this subject." It there appeared that attachments were issued by the judge of the superior court, but improperly made returnable to the city court. In discussing the question whether or not a city court had jurisdiction over attachment proceedings of this character, Chief Justice Bleckley said, during the course of the opinion delivered by him in that case: "The judges of the superior courts were clothed with the powers conferred by this act, because they were in the nature of equity powers, and equity powers had always been confided in this State to the superior courts, and to none others. The local act applicable to the city court of Floyd county (Acts of 1882–3, p. 535) does not, if it could, trench upon the general law touching this class of attachments. The attachments of which it speaks and

to which it refers are ordinary attachments, not these special, and, as they might be called, equity attachments, which the judges of the superior courts alone are empowered to grant." In *Gray* v. *Neill*, 86 *Ga.* 188, section 3297 of the Code of 1882, wherein the provisions of the act of 1873 were incorporated, was under consideration, and Mr. Justice Blandford, speaking for the court, remarked (p. 191): "A proceeding under this section of the code is in its nature similar to a proceeding in equity *quia timet.*" Again, in pronouncing the judgment of this court in *Haslett* v. *Rodgers*, 107 *Ga.* 243, Mr. Justice Lewis said, with reference to the powers which a judge of the superior court might exercise under the terms of that act in passing upon a petition for an attachment of the character therein mentioned: "The direction he gives the matter is just as much an adjudication touching the rights of the parties and the questions submitted to him as would be an order granting or refusing a prayer for an interlocutory injunction in a cause in equity. In fact it is quite manifest that the legislature intended by the provisions of this act to obviate the necessity of resorting to a court of equity for the purposes of an injunction or a receiver, and especially for the purpose of testing the validity of conveyances made by insolvent debtors." See also the cases cited by Mr. Justice Lewis as warranting the further statement made by him, that, since the passage of the act of 1873, the Supreme Court of this State had not only "invited creditors to seek" the relief thereby afforded, but had by its rulings "declined to open the doors of a court of equity to them for such a purpose."

On the argument of the present case before this court, counsel for the defendants in error directed our attention to this statement, and insisted that it bore out his assertion that the statutory proceeding introduced by the act of 1873 was strictly a legal remedy, and in no sense an equitable one to be enforced only by such courts as the constitution of this State declares shall have exclusive jurisdiction in all equity cases. In this connection, counsel further contended that the decision announced in the case of *First National Bank* v. *Ragan*, supra, should not be regarded as controlling in the case now before us, for the reason that the language used by the General Assembly in defining the jurisdiction to be exercised by the city court of Floyd county was by no means as broad as that employed in sections 2, 12, and 18 of the act creating the city court

of Bainbridge. See Acts of 1900, pp. 105, 107, 109. To the correctness of this position we can not give our assent. Certain it is that the language adopted by the General Assembly, in declaring what powers with respect to the issuing of attachments were conferred upon the city court of Floyd county, was sufficiently broad to cover the class of attachments provided for by the act of 1873, were it not for the .fact, pointed out by Chief Justice Bleckley, that the " judges of the superior courts were clothed with the powers conferred by this act, because they were in the nature of equity powers, and equity powers had always been confided in this State to the superior courts, and to none others." As to what was said by Mr. Justice Lewis, in *Haslett* v. *Rodgers*, above cited, it is to be remarked that he evidently had reference only to the change in procedure wrought by the act of 1873, and did not intend to be understood as saying the statutory proceeding thereby introduced was in its nature a strictly legal remedy, but only that, since the passage of that act, this court has held there is no occasion for a creditor to present to a judge of the superior court an equitable petition, to the end that he may be afforded the equitable relief theretofore dispensed by granting a prayer for an injunction and appointing a receiver to take charge of the assets of a fraudulent debtor. No new right, with respect to preventing such a debtor from making away with his property, was established by that act in favor of creditors. On the contrary, it merely substituted a statutory process to take the place of the restraining order which the judges of the superior courts were wont to grant in the exercise of the equitable jurisdiction with which those courts were vested under the constitution of this State. In other words, the General Assembly provided merely that the exclusive equitable jurisdiction of those courts should be exercised, not in conformity to the procedure theretofore obtaining, but by way of granting a writ of attachment whereby the property of the fraudulent debtor might be immediately seized and brought within the custody of the court, to be subsequently disposed of according to the rules which are observed in courts of equity when they are called upon to administer for the benefit of creditors assets of a common debtor to which they are equitably entitled. It was not within the constitutional power of the General Assembly, by simply changing the name of the process to be issued in such emergencies, or by providing for

a change in pleading or procedure, to frame a statutory remedy which might be enforced as well by courts theretofore having no jurisdiction in the premises as by courts to which had been confided exclusive jurisdiction in all cases calling for affirmative equitable relief. We accordingly hold it was not in legislative contemplation when the act of 1873 was passed, nor subsequently when the city court of Floyd county was established; nor, still later, when the city court of Bainbridge was brought into being, that the judge of any court other than one of the superior courts should issue an attachment of the character to which the provisions of section 4543 of our present code relate.

*Judgment reversed. All the Justices concur.*