### 53.   MEADOWS *v.* ALEXANDER.

1. A paper, the truth of the contents of which has been sworn to, but which has not been signed by the affiant, is not an affidavit. It can not be the basis of a mortgage foreclosure.

2. Such an affidavit, *so called*, can not be amended. The Civil Code, § 5122, refers to writings sworn to and signed by affiants.

3. In a case of foreclosure and levy under these circumstances, it follows: no affidavit, no mortgage foreclosure; no foreclosure, no fi. fa.; no fi. fa., no levy; no levy, no case before the court.

Certiorari, from Tattnall superior court—Judge Rawlings. April 2, 1906.

Argued January 17,—Decided January 19, 1907.

*W. M. Lewis,* for plaintiffs.

*Isaiah Beasley, Hines & Jordan,* for defendant.

RUSSELL, J. Happily in this case we are asked to answer one question, and fortunately we can answer it unequivocally, "speaking by the card" of former adjudication. The question is, can a paper, purporting to be or attempting to be an affidavit, but not signed by an affiant, rightly be called an affidavit, and be so treated by the courts in their dealings with it? Our answer is, it can not.

On the hearing of the case in the court below this certiorari was overruled and dismissed. In the justice's court the levy of a mortgage fi. fa. was dismissed, because the affidavit to foreclose the mortgage was not signed by an affiant. Strictly speaking, no motion was made to amend the affidavit by having affiant sign it. In that court (as appears from the petition for certiorari) the plaintiffs offered to prove by witnesses that S. B. Meadows, one of the plaintiffs, was sworn to the truth of the contents of the alleged affidavit and omitted to sign it because he did not know it was necessary. This the justice refused to permit, but instead thereof dismissed the entire proceeding. So that the error assigned in the bill of exceptions really relates back to the action of the magistrate in the justice's court.

We think the decision of the justice was proper, and the judgment of the superior court on its review of the lower court was demanded by the law as construed by the Supreme Court. In *Cohen* v. *Manco,* 28 *Ga.* 27, Judge Benning, delivering the opinion, declares, first, that the affidavit ought to have been signed by the plaintiff; and secondly, that the defect of a want of a signature was not amendable. This, then, is a square decision of both propositions which arose in the case now under consideration. It is true that in this case significance was attached to the fact that the act providing for amendment of attachments, bonds, and declarations was silent as to the affidavit, and proceeds to say that this silence implies an intention that the affidavit was not amendable.

Numerous decisions from other forums are also cited in the brief of counsel for plaintiff in error to sustain an opposite view of this

question; and his contention is sustained by highly respectable authority. "But while there is elsewhere a conflict of decisions, in Georgia an affidavit is required to be signed by the affiant," are the words of our Supreme Court, speaking through Justice Lamar in *Hathaway* v. *Smith,* 117 *Ga.* 947. And in *Raley* v. *Warrenton,* 120 *Ga.* 368, our Supreme Court says further: "The signature of the affiant is necessary to the *validity* of an affidavit in this State," citing *Hathaway* v. *Smith,* supra, and cases there cited, and *Beach* v. *Averett,* 106 *Ga.* 74.

It has been decided, therefore, that without such signature no paper can be called or treated as an affidavit. And while an affidavit to foreclose.a mortgage is amendable, this creature of the law must have become a real affidavit, must have been born into life through the oath and signature of the affiant, before it can be subject to sickness or to treatment by the doctor in the form of amendment. In law, that which is dead can not be brought to life, that which is void can not be filled. An invalid affidavit can not be amended, because it is no more within the power of the law than of nature to give life to the dead.

But even if the so-called affidavit had been held to be amendable as containing enough without the signature of affiant to amend by, no such motion was made; and therefore the decision of the justice, affirmed by the decision of the superior court, was correct. The record shows that plaintiffs merely offered to prove that S. B. Meadows had made oath before the magistrate as to the contents of the unsigned affidavit.

It is necessary that an affidavit be sworn to, but it is none the less necessary that it be signed by the affiant. Both ingredients are absolutely essential to create an affidavit. No affidavit, no mortgage foreclosure; no foreclosure, no fi. fa.; no fi. fa., no levy; no levy, no case before the court, was the correct reasoning of the court below.　　　　　·　　　　　　　　　　*Judgment affirmed.*