4243.   EDWARDS, sheriff, for use, etc., *v.* PRICE *et al.*

HILL, C. J.   1. In the foreclosure of mortgages on personalty, the statute provides that the mortgagee, in person, or by his agent, or attorney in fact or at law, shall make an affidavit before a proper officer, designated by the statute, of the amount of principal and the interest due on the mortgage, etc. This affidavit is a necessary basis of the mortgage foreclosure, and without it the foreclosure proceeding, and the fi. fa. and levy based upon it, are mere nullities, and are subject to collateral attack in any court for lack of such affidavit. Civil Code (1910), § 3286; *Meadows* v. *Alexander,* 1 *Ga. App.* 40 (57 S. E. 901).

2. Where property levied upon under an execution based upon an alleged mortgage foreclosure was replevied, and a forthcoming bond made by the plaintiff in the mortgage foreclosure, and it appeared, in a suit on the forthcoming bond, that no affidavit was made as a basis of the foreclosure, the suit was properly dismissed, there being no authority for the levying officer to make the levy or to take the forthcoming bond. The lack of an affidavit as a basis of such foreclosure extended to the validity of the process. *Smith* v. *Lockett*, 73 *Ga.* 104; *Oliver* v. *Warren*, 124 *Ga.* 551 (53 S. E. 100, 4 L. R. A. (N. S.) 1020, 110 Am. St. Rep. 188).

3. A paper purporting to be an affidavit made by the attorney at law for the mortgagee in foreclosure proceedings, but which appears not to have been signed by the affiant or attested by any officer, is not an affidavit, and can not be the basis of a mortgage foreclosure. In this State the signature of the affiant is necessary to the validity of the affidavit. *Raley* v. *Warrenton*, 120 *Ga.* 368 (47 S. E. 972).

*Judgment affirmed.*

DECIDED OCTOBER 9, 1912.

Action on bond; from city court of Albany—Judge Crosland. March 22, 1912.

*L. L. Ford,* for plaintiff.

*E. R. Jones, R. J. Bacon,* for defendant.