### 11829. WIGGINS *v.* JONAS & COMPANY.

JENKINS, P. J. 1. Where a defendant in attachment moves to dismiss the attachment proceeding, upon the ground that the bond given by the plaintiff is void, he must specifically point out its defects. *English* v. *Reed,* 97 *Ga.* 477, 478 (25 S. E. 325). The record in the instant case fails to set forth any specific ground of objection to the bond. The grounds urged in the lower court were as follows: (1) " because the law has not been complied with by plaintiff before the issuance of said attachment as to the giving of the necessary bond;" and (2) " because the paper purporting to be a bond, copy of which bond is attached hereto marked ' Exhibit B,' upon which the attachment issued, is not sufficient under the law and is ineffective as a bond under the law." Under the authority cited, such general objections must be held insufficient.

2. The defendant having offered no evidence in denial of her liability upon the open account sued on, and as the plaintiff's evidence made out its case by competent testimony, thus undisputed, irrespective of the copy letters, to the introduction of which exception was taken, their admission, even if not proper, must be treated as harmless. The objection raised to the express receipts, upon the ground that they were not identified with the goods sold to the defendant, is not sustained by the evidence disclosed by the record.

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED APRIL 14, 1921.

Attachment; from Calhoun superior court — Judge Harrell. June 7, 1920.

*E. L. Smith, A. L. Miller,* for plaintiff in error.

*C. J. Taylor,* contra.