### 25328. HIGGINS *v.* GOSDEN.

SUTTON, J. 1. Where a party made an affidavit before a justice of the peace on a printed form of blank affidavit for use in attachment proceedings, which form contained a blank attachment bond and a blank attachment writ, in which affidavit he deposed that the defendant was indebted to him in the sum of $100 because the defendant ran into his mule and damaged the same in that amount, but in which affidavit no ground for attachment was set out; and where said blank bond was not

filled out and signed; and where the writ of attachment was issued thereon, the attachment proceedings were absolutely void. Code of 1933, §§ 8-109, 8-111, 8-114. (Affidavits) *Heard* v. *National Bank*, 114 *Ga.* 291, 293 (40 S. E. 266); *Moore* v. *Neill*, 86 *Ga.* 186 (12 S. E. 222); *Meinhard* v. *Neill*, 85 *Ga.* 265 (11 S. E. 613); *Krutina* v. *Culpepper*, 75 *Ga.* 602; *Hensley* v. *Minehan*, 29 *Ga. App.* 251 (114 S. E. 647). (Bonds) *English* v. *Reid*, 97 *Ga.* 477 (25 S. E. 325); *Clay* v. *Tapp*, 79 *Ga.* 596 (7 S. E. 256); *Rogers* v. *Birdsall Co.*, 72 *Ga.* 133; *Georgia So. &c. Ry. Co.* v. *Knight*, 11 *Ga. App.* 489 (75 S. E. 823). In such circumstances it was proper for the trial court, on motion of the defendant, to dismiss the attachment proceedings.

2. Where the defendant in attachment is notified thereof as provided by statute, or where the defendant has replevied the property attached, or where the defendant appears and defends, the plaintiff has a right to try the action against the defendant and obtain a general judgment. In such a case a dismissal of the attachment would not work a dismissal of the action against the defendant; and, according to the record in this case, the same is still pending in the court below. Code of 1933, §§ 8-601, 8-602, 8-901; *Daniel* v. *Hochstadter*, 73 *Ga.* 144; *Hensley* v. *Minehan*, supra; *Joseph* v. *Stein*, 52 *Ga.* 332; *Bruce* v. *Conyers*, 54 *Ga.* 678, 680; *Cowart* v. *Caldwell Co.*, 134 *Ga.* 544, 550 (68 S. E. 500, 38 L. R. A. (N. S.) 720); *Long* v. *Hood*, 46 *Ga.* 225; *Hodnett* v. *Stone*, 93 *Ga.* 645 (20 S. E. 43); *King* v. *Randall*, 95 *Ga.* 449 (22 S. E. 683); *Cincinnati &c. R. Co.* v. *Pless*, 3 *Ga. App.* 400, 403 (60 S. E. 8); *Williamson* v. *Williamson*, 154 *Ga.* 788 (115 S. E. 805); *Sutton* v. *Gunn*, 86 *Ga.* 652 (12 S. E. 979); *Payne* v. *Chal-Max Motor Co.*, 25 *Ga. App.* 677, 678 (104 S. E. 453).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

Decided April 27, 1936.

*Smith & Millican,* for plaintiff. *Willis Smith,* for defendant.

