39175.   WORLEY BROTHERS GRANITE COMPANY,
INC. v. HASKINS.

Decided February 14, 1962—Rehearing denied
March 6, 1962.

*Payne, Heard & Leverett, E. Freeman Leverett,* for plaintiff in error.

*Woodrow W. Lavender,* contra.

FRANKUM, Judge. Ordinarily, the giving of a replevy bond in an attachment proceeding constitutes a personal appearance. *Code* § 8-901. However, "The giving of a replevy bond does not preclude a defendant in attachment from objecting to the jurisdiction of the court over his person." *Drake v. Lewis,* 13 Ga. App. 276 (79 SE 167). See also *Associated Press v. United Press,* 104 Ga. 51 (29 SE 869) ; *Harper v. Allen,* 41 Ga. App. 736 (154 SE 651) ; *Duke v. Automobile Supply Co.,* 21 Ga. App. 608 (94 SE 915) ; Ga. Procedure & Practice, § 26-12. In every case we have found holding that the defendant submitted himself to the jurisdiction of the court by making a replevy bond, there is no reference to whether an objection or protestation was made to the jurisdiction.

We have reached the opinion that the defendant preserved his objection to the court's jurisdiction of his person up to and until the time he filed a cross-action.

The rule is well stated in 3 Am. Jur. 792, Appearances, § 18: "The filing of a set-off, a counterclaim, a demand in recoupment, or a cross-petition, is such an assumption of the role of actor in a suit as will constitute a general appearance, even though the defendant asserts therewith an objection to the jurisdiction of the court, and submits the person of the defendant to the jurisdiction of the court to all intents and purposes as fully and completely, and with the same force and effect, as if the summons

had been duly and personally served on him within the jurisdiction of the court." See also Adam v. Saenger, 303 U. S. 59 (58 SC 454, 82 LE 649) ; 6 C.J.S. 10, Appearances, § 1.

The defendant by filing a cross-action assumed the position of a plaintiff seeking affirmative relief against the party who originally brought the action. *Hudgins Contracting Co. v. Redmond,* 178 Ga. 317 (173 SE 135). See also *Ray v. Home & Foreign Invest. &c. Co.,* 106 Ga. 492 (32 SE 603). Once a defendant has made a general appearance and submitted himself to the jurisdiction of the court, he cannot oust the court of jurisdiction of his person by dismissing his cross-action over the objection of the plaintiff. Cf. *Associated Press v. United Press,* 104 Ga. 51, supra, and *Ray v. Home & Foreign Invest. &c. Co.,* 106 Ga. 492, supra. This is not to intimate that a party cannot voluntarily dismiss a cross-action, but we do hold that a defendant cannot eradicate the court's jurisdiction over his person when the defendant dismisses his cross-action over the objection of the plaintiff. *Associated Press v. United Press,* 104 Ga. App. 51, supra, is distinguishable from the facts in this case because in that case there was no objection to the defendant withdrawing his answer for the purpose of filing a demurrer raising the question of jurisdiction, and thereafter refiling his answer. The defendant in the *Associated Press* case, supra, obtained an order of the court permitting him to withdraw his answer. The court held (page 53) : "By applying for this order, counsel for the defendant directly invoked the ruling of the court upon the question whether, as matter of right, the defendant could withdraw its answer previously filed, and, by refiling the same subject to its demurrer and motion to dismiss, relieve itself of the consequences of any implied waiver of the jurisdiction of the court. Having obtained a favorable decision upon the legal question thus presented, the defendant was entitled to the benefit thereof, as the plaintiff practically acquiesced in the subsequent refusal of the court to revoke its ruling, by failing to take exception thereto in order that its correctness might be open to question upon a review of the case in this court." In the instant case the bill of exceptions shows that the plaintiff objected to the voluntary dismissal of the defendant's answer and cross-action, and

the plaintiff did all that it could have done to preserve its right to have a review of the ruling of the court adverse to it.

Accordingly, the trial court erred in sustaining the defendant's plea to the jurisdiction and in dismissing plaintiff's declaration in attachment, because the defendant waived his plea to the jurisdiction by filing a cross-action.

The court did not err in dismissing the purported attachment because the attachment was initiated upon a void instrument purporting to be an affidavit. Since a corporation, an artificial person, cannot make an affidavit (*Coffee v. McCaskey Register Co.*, 7 Ga. App. 425, 429, 66 SE 1032), the instrument was not an affidavit, and an amendment cannot make it one. See *Craig v. Taylor*, 35 Ga. App. 375 (133 SE 278); *Meadows v. Alexander*, 1 Ga. App. 40 (57 SE 901). Void proceedings are not amendable. *Smith v. Andrews*, 70 Ga. 708; *Meinhard Bros & Co. v. Neill*, 85 Ga. 265 (11 SE 613); *Moore &c. Co. v. Neill*, 86 Ga. 186 (12 SE 222). Process of attachment must be based upon a proper affidavit. *Code* § 8-109. While an amendment can serve to supply a fact to an already existing affidavit (*Code* § 81-1203), it cannot supply an attestation to make a writing into an affidavit nunc pro tunc. See *Nix v. Citizens Bank of Moultrie*, 34 Ga. App. 546 (2) (130 SE 597). With the attachment dismissed, the declaration in attachment remained, which became a common law suit when the defendant submitted to the court's jurisdiction over his person. See *Williams v. Flanders*, 35 Ga. App. 644 (134 SE 183), and cases cited therein.

*Judgment reversed in part, affirmed in part. Nichols, P. J., and Jordan, J., concur.*