## 934.  GORDON & COMPANY *v.* COBB.

1. Where a consignment of property is made to a factor for sale, and he makes advances thereon with the consent of or by the direction of his principal, an agency coupled with an interest arises.
2. Ordinarily an agent must be guided wholly by the wishes or directions expressed by his principal, but in cases of an agency coupled with an interest, unreasonable instructions, detrimental to the agent's interests, may be disregarded.
3. Even if the factor exceeds his power and sells the property in an unwarranted manner, no cause of action flows to the principal, unless some damage ensues to him on account of the agent's misconduct.
4. Where the only legal verdict possible in a case has been rendered, the action of the trial court in granting a new trial will be reversed.

Complaint, from city court of Wrightsville—Judge Faircloth. December 28, 1907.

Submitted February 18,—Decided March 16, 1908.

The defendant had sent to the plaintiffs, as factors, a quantity of cotton to be sold for his benefit; and they advanced to him its approximate value. A tentative grading was made. A price satisfactory to the defendant was offered, and he, supposing that it was based on the tentative grading, instructed a sale. The factors had made a contract of sale at the price named, but upon the purchaser regrading the cotton, it was found to be below the average indicated in the tentative grading previously made. Upon being notified of this, the defendant ordered the plaintiffs not to deliver the cotton; but the latter, disobeying this instruction, completed the sale and made delivery. The sum realized was not enough to pay the advances, and the factors sued the defendant for a recovery of the difference between the sum advanced and the sum realized from the sale of the cotton. The defendant filed a plea of recoupment, setting up that the plaintiffs had violated his instructions by delivering the cotton, and claiming the difference between the tentative grading and the grading on which the delivery was made. It was shown that the sale was made at a good price, and that a sharp and continued decline in the cotton market immediately ensued. There was a verdict for the plaintiffs. The defendant's motion for a new trial was granted, and the plaintiffs excepted.

*A. L. Hatcher,* for plaintiffs.    *Daley & Bussey,* for defendant.

POWELL, J.  (After stating the foregoing facts.)

1.  In an ordinary agency the agent has or should have no other interest than that which comes from obeying his principal's wishes and instructions.  However, instances arise in which the agent has not only the power to represent his principal, but also a direct interest in the subject-matter of the agency; and in such cases he has a broader discretion.  It is frequently a matter of close discrimination to determine whether the relation existing between the parties is that of an ordinary agency, or that of an agency-coupled with an interest; for the interest referred to is not an interest in that which is produced by the power, but is an interest in the subject on which the power is to be exercised; "it must be an interest in the thing itself, and not merely in the execution of the power."  See Hunt *v.* Rousmanier's admrs., 8 Wheat. 174 (5 U. S. (L. ed.) 589).  A factor who, by the consent or direction of his principal, makes advances upon the goods placed in his hands for sale acquires such a special property in the goods as to make him an agent with an interest in the subject-matter of the agency.  Clark & Skyles on Agency, §165.  "Whenever a consignment is made to a factor for sale, the consignor has a right, generally, to control the sale thereof according to his own pleasure, from time to time, if no advances have been made, or liabilities incurred, on account thereof; and the factor is bound to obey his orders.  This arises from the ordinary relation of principal and agent.  If, however, the factor makes advances, or incurs liabilities on account of the consignment, by which he acquires a special property in the goods, then the factor has a right to sell so much of the consignment as may be necessary to reimburse such advances, or meet such liabilities; unless there is some agreement between himself and the consignor which contracts or varies this right."  Brown *v.* McGran, 14 Pet. 479 (10 U. S. (L. ed.) 550).

2.  In discussing the relations of principal and agent between themselves, our Civil Code, §3004, declares:  "The agent must act within the authority granted to him, reasonably interpreted; if he exceeds or violates his instructions, he does it at his own risk, the principal having the privilege of affirming or dissenting, as his interest may dictate.  In cases where the power is coupled with an interest in the agent, unreasonable instructions, detrimen-

tal to the agent's interest, may be disregarded." In the case of a simple consignment of goods, without any interest in the consignee, or any advance or liability incurred on account thereof, the wishes of the consignor may fairly be presumed to be orders; and the "noting the wishes accordingly," by the consignees, an assent to follow them. But very different considerations might apply where the consignee should be one clothed with a special interest, and a special property, founded upon advances and liabilities. If, contemporaneously with the consignment and advances or liabilities, there are orders given by the consignor, which are assented to by the factor, that the goods shall not be sold before a fixed time, in such a case the consignment is presumed to be received subject to such order; and the factor is not at liberty to sell the goods to reimburse his advances, until after that time is elapsed. So when orders are given not to sell below a fixed price; unless the consignor shall, after due notice and request, refuse to provide other means to reimburse the factor. In no case will the factor be at liberty to sell the consignment, contrary to the orders of the consignor, although he has made advances or incurred liabilities thereon, if the consignor stands ready and offers to reimburse and discharge such advances and liabilities. When the consignment is made generally, without any specific orders as to the time and mode of sale, and the factor makes advances and incurs liabilities on the footing of such consignment, the legal presumption is, that the factor is to be clothed with the ordinary rights of factors, to sell, in the exercise of a sound discretion, at such time and in such manner as the usage of trade and his general duty require, and to reimburse himself for his liabilities, out of the proceeds of the sale; and the consignor has no right by subsequent orders, given after advances have been made, or liabilities incurred by the factor, to suspend or control this right of sale, except so far as respects the surplus of the consignment not necessary for the reimbursement of such advances or liabilities. Brown *v.* McGran, supra. In the case just cited, there is a full discussion of this subject by Mr. Justice Story; and it is so full, lucid, and complete that anything we might undertake to say further than to apply these principles to the facts at hand would be utter superfluity.

3. It is palpable, from what has been said above, that the factors in this case would have been justified in exercising a liberal

discretion in originally making a sale or in completing it, even against the objections of the principal. It is plain that as between buyer and seller, and as fixing the actual value of the cotton, the grades as finally ascertained, and not as tentatively believed by the factor and his principal, would have to govern. If the factor had been without interest in the subject-matter, it would have been his duty to disregard his own judgment and to follow the instructions of his principal, no matter how unbusinesslike those instructions may have been. However, the agent in this case had a substantial interest even as great as the full value of the cotton, and before the principal could successfully hold him responsible for a violation of the instructions, he had the burden of showing that the agent had exercised an excess of discretion unreasonable under the circumstances; and further that a loss had followed. In this case, even though for the sake of argument it should be conceded that an abuse of authority on the agent's part was shown, the principal failed to show any loss therefrom. To have established loss, the principal had the burden of showing, not that he desired the cotton held for a better price or for a better grading, but that a better price was obtainable, or that a better grading was warranted by the actual condition of the cotton. To the contrary, it appears that the cotton was sold at an opportune time and advantageously to the owner. Compare the concluding statements in the opinion in the case of Brown *v.* McGran, supra.

4. The verdict for the plaintiffs was demanded. While the trial judge has a broad discretion as to the first grant of a new trial, a discretion with which this court will not lightly interfere, yet where the verdict rendered is the only one legally possible under the facts of the case, it is reversible error to set it aside.

*Judgment reversed.*