3160.  FROST & Co. *v.* POWELL, administrator.

HILL, C. J.  1. Where cotton factors sued a customer for advances made on cotton consigned for sale, the customer could set off damages caused by wrongful delay in selling the cotton according to instructions.

2. On the question of diligence by the factors in selling the cotton according to instructions, the evidence was in conflict, and this issue was therefore settled by the verdict.

3. The trial judge properly instructed the jury to the effect that a factor is bound to obey the instructions of his principal as to the sale of

produce, and if he disregards the principal's orders, and injury accrues to the principal, the loss falls upon the factor. It was also proper, in this connection, to charge that if a factor made advances on produce consigned to him for sale, he would have an interest in the consignment, and would have the right to exercise his discretion as to the time of sale, and would be entitled to disregard the instructions of his principal to sell, where he had reasonable ground to apprehend loss resulting to him by obeying the instructions, either because of the insolvency of. the principal or insufficiency in the value of the consignment eventually to repay the advances made on it.  *Day* v. *Crawford,* 13 *Ga.* 508; Brown *v.* McGraw, 14 Pet. 494 (10 L. ed. 558).

4. What purport to be true copies of original letters should be identified as such, to authorize them to be admitted as secondary evidence, although notice to produce the originals has been duly served and answered by the party on whom the notice has been served that he is unable to produce them.  In this case the letters were immaterial.

5. There was no error in admitting the testimony as to the market value of cotton at the point of shipment, and the market value of cotton of the same grade at Savannah, although the cotton had been shipped to Charleston, S. C., where it was to be sold.  The evidence tended to show the market value of the cotton at the latter place.

6. No material error of law appears, and there is some evidence to support the verdict.                    *Judgment affirmed.*

DECIDED NOVEMBER 20, 1911.

Complaint; from city court of Leesburg—Judge Long.  December 12, 1911.

*Charles H. Beazley,* for plaintiffs.

*W. G. Martin, J. R. Long,* for defendant.