3760. GEORGIA SOUTHERN & FLORIDA RAILWAY CO. *v.* KNIGHT.

RUSSELL, J. 1. Ordinarily a common carrier who receives goods for shipment is not relieved from the duty of delivering them, unless prevented by "the act of God or the public enemies of the State." An exception to this rule is found where the carrier surrenders the goods in obedience to valid legal process, or such as is apparently valid; but the carrier is not relieved from his duty to the shipper, even when he delivers a shipment in response to process, on the demand of a levying officer, unless he has exercised due diligence to ascertain whether the

process is in fact legal. *Morris Storage & Transfer Co.* v. *Wilkes,* 1 *Ga. App.* 751 (58 S. E. 232).

2. The goods were delivered to a common carrier for transportation, and an attachment was sued out for the purpose of seizing the goods; the affidavit and the attachment process were on a printed form, upon which also appeared a form for the bond required by law as a condition precedent for the issuance of the attachment; but the blanks in the bond had not been filled in and no attachment bond had, in fact, been given. The record does not disclose that the agent of the carrier made any inquiry to ascertain whether or not the bond required by law had in fact been given. *Held,* that the carrier was lacking in diligence, in failing to make inquiry to ascertain whether any bond had in fact been given. The attachment proceedings were absolutely void, and the carrier was not protected in surrendering the property to the levying officer. The case differs from that of *Southern Express Company* v. *Sottile,* 134 *Ga.* 40 (67 S. E. 414), in that in that case the process was valid on its face, and the decision is authority only for the proposition that the carrier was not bound to know that the law was unconstitutional, until it had been judicially declared to be so.

*Judgment affirmed.*

DECIDED SEPTEMBER 24, 1912.

Action for damages; from city court of Nashville—Judge Buie, October 1, 1911.

*John I. Hall, J. E. Hall, M. P. Hall, J. P. Knight,* for plaintiff in error.

*Alexander & Gary,* contra.