## 6108.  LEFFLER COMPANY *v.* PEARSON & SON.

BROYLES, J.  1. Where cotton factors sued customers for advances made on cotton consigned to them for sale, the customers could not set off damages because of a sale of the cotton for a lower price than they had instructed it sold for, where, in accordance with the general custom and usage of the trade at the place of sale, the cotton was sold after the customers had failed to comply with repeated notices from the factors to deposit with them more margins, and where, in the opinion of the factors, the cotton was not a sufficient security for the balance due them.  Civil Code, § 3576; *John Flannery Co.* v. *James,* 13 *Ga. App.* 425 (3), 426 (79 S. E. 912).

2. In the absence of any contract whereby the factors were bound to hold the cotton as instructed by the customers, the factors were not bound so to hold it, where the customers failed, after notice to do so, to deposit the margins necessary to hold it.  *Heard* v. *Russell,* 59 *Ga.* 26 (12); *Willingham* v. *Rushing,* 105 *Ga.* 72 (31 S. E. 130); *Whigham* v. *Fountain,* 132 *Ga.* 277 (3) (63 S. E. 1115); *Gordon* v. *Cobb,* 4 *Ga. App.* 49 (2), 50 (60 S. E. 821); *Wood* v. *Jones,* 10 *Ga. App.* 735, 738 (73 S. E. 1099); *Flannery* v. *James,* supra.

3. The court erred in allowing an amendment to the defendants' answer, which set forth in substance that there was no necessity for the plaintiffs to sell the cotton when sold, for the reason that the plaintiffs had, as collateral security, a note of the defendants for $500,—the note sued upon,—and that the defendants were solvent and able to pay the entire indebtedness, and that such solvency was known to the plaintiffs at the time the cotton was sold, and that therefore plaintiffs were incurring no risk in holding it as per the defendants' instructions. The only issues in the case were: (1) Were the defendants' instructions binding on the plaintiffs? (2) Did the plaintiffs, when they sold the cotton, follow the custom and usage of the trade at the place of sale, and did they use reasonable skill to make it bring the best obtainable market price? The solvency or insolvency of the defendants was immaterial.

4. The court, having erred in allowing the amendment, necessarily erred in admitting, over proper objection, evidence in support of it.

5. There was no evidence that would authorize a finding that the factors, in selling the cotton, did not follow the usage of the trade at the place of sale, or that they did not use reasonable skill to obtain the best market price obtainable.

6. The verdict was not authorized by the evidence, and a new trial should have been granted.                    *Judgment reversed.*

DECIDED SEPTEMBER 10, 1915.

Complaint; from city court of Sylvania—Judge Boykin.  April 23, 1914.

*White & Lovett,* for plaintiff.

*E. K. Overstreet,* for defendants.