*C. E. Roop, solicitor,* contra.

---

### 7783.   WARREN *v.* GEORGIA FERTILIZER AND OIL COMPANY.

JENKINS, J.   Defendant by his plea showed that he was indebted to plaintiff for fertilizers in a sum evidenced by a promissory note due October 1, 1914, and that on November 10, 1914, he delivered to plaintiff, as collateral security for this indebtedness, three bales of cotton, described in his plea, taking from the agent of plaintiff the following receipt therefor: "Received of A. J. Warren three bales of upland cotton to secure guano note. 11/10, 1914, J. A. Barrow." His plea set forth that at the time this collateral security was given it was expressly agreed between defendant and the said agent for the plaintiff that the said cotton was not to be sold by the plaintiff until the defendant should so agree. The plea set up that, the said cotton having been sold without his authority, he was entitled to the stated value thereof on a date named as prior to the bringing of the suit, and asked that the

sum so named be allowed as a set-off against the amount owing on the note. The note shows an entry as follows: "By sale of cotton 1/8/1915, $71.37." It was admitted that at the time of the trial Barrow, the agent of plaintiff corporation, was deceased.

*Held:* Conceding that the plea set up a good defense (see *Pickett* v. *Andrews,* 135 *Ga.* 299, 69 S. E. 478; *Frost* v. *Powell,* 10 *Ga. App.* 95, 72 S. E. 719; *Wood* v. *Jones,* 10 *Ga. App.* 735; *Georgia So. & Fla. Ry. Co.* v. *Knight,* 11 *Ga. App.* 489, 75 S. E. 823), still, under the provisions of the Civil Code, § 5858 (3), the defendant was properly denied the right to testify in his own behalf as to the terms of the verbal agreement pleaded by him as having been made with the deceased agent of the corporation; and since the terms of the alleged agreement are not otherwise proved, it does not appear that the refusal of the trial judge to allow him to testify that he had never purchased any fertilizer from Barrow individually, and was not individually indebted to him in any sum, resulted in his injury. Under the evidence in the case the judge did not err in directing a verdict for plaintiff. *Leffler Co.* v. *Pearson,* 17 *Ga. App.* 57 (86 S. E. 256); *Meinhard-Ferst-Dodge Co.* v. *DeLoach,* ante, 323 (91 S. E. 446).

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*
Decided April 3, 1917.

Complaint; from city court of Quitman—Judge Long. July 10, 1916.

*Bennet & Harrell,* for plaintiff in error.
*Branch & Snow,* contra.