15396.   McMEKIN v. PLANTERS WAREHOUSE COMPANY.

Whether the relation of the warehouse company to the plaintiff, who was suing it in trover for cotton which he had stored with it and upon which it advanced money, and which he alleged was sold by it without his consent and without notice to him, was that merely of a warehouseman, or that of cotton factor and commission merchant, and, if it was the former, whether due notice of the intention to sell was given to him, or, if it was the latter, whether the sale was made in good faith and in the exercise of a sound discretion, in accordance with the usage of the locality of the company, were questions which the jury, under appropriate instructions from the court, should have been allowed to determine; and the judge erred in directing a verdict for the defendant.

DECIDED OCTOBER 7, 1924.

Trover; from Wilkes superior court—Judge Shurley. February 7, 1924.

An action in trover was brought to recover certain cotton. The evidence shows that the defendant was "engaged in storing and selling cotton in the fall of 1920, engaged in the warehouse business," and that the plaintiff stored certain cotton in the defendant's warehouse, and the defendant "advanced money on the cotton." The plaintiff testified: "At the time the cotton was stored in the warehouse nothing was said about selling the cotton. . . I put the cotton in there in storage to be sold by them. . . There was a custom here at that time among the warehouses that they always notified a customer before selling the cotton, or he notified them when to sell it. I relied on that custom when I stored my cotton with the warehouse." That this custom prevailed was shown by others. The plaintiff testified also that he gave the warehouse company no notice to sell, and that they gave him no notice that they expected to sell the cotton. The manager of the warehouse company testified that he sold the cotton in February, 1921, after giving notice to the plaintiff that the cotton would be sold unless additional margins were put up; that after the advances and storage were paid, there was left for the owner of the cotton $55.08; that no commission was charged except that which was included in the storage; that the cotton was sold "in the usual way of selling cotton," and that it brought a "full and fair value." The bookkeeper for the warehouse company also swore that before the sale the plaintiff was notified that the cotton would be sold unless more margins were put up.

The court directed a verdict for the defendant. The plaintiff's motion for a new trial was overruled, and he excepted.

*Irvin & Fortson,* for plaintiff.

*William Wynne, Colley & Colley, C. E. Sutton,* for defendant.

BLOODWORTH, J. (After stating the foregoing facts.) On certain material issues the evidence was conflicting, and the disputed facts should have been submitted to the jury. The jury should have been allowed, under appropriate instructions, to determine:

(*a*) Whether defendant was merely a warehouseman, or a cotton factor and commission merchant.

(*b*) If the defendant was a "mere warehouseman," whether or not it gave the plaintiff the thirty days' notice, required by § 3530 of the Civil Code (1910), of its intention to sell the cotton. It would hardly be contended that a sale without notice, and in the absence of a contract authorizing it, was warranted. *Whigham* v. *Fountain,* 132 *Ga.* 277 (1) (63 S. E. 1115); *Planters Warehouse Co.* v. *Hardin,* 30 *Ga. App.* 459 (1) (118 S. E. 441).

(*c*) If the relation between the parties was that of principal and factor, then the question should have been submitted to them whether the sale was made in good faith and in the exercise of a sound discretion as required by usage of the locality where the factor resides. Civil Code (1910), § 3369; *Whigham* v. *Fountain,* supra, 277 (3); *Willingham* v. *Rushing,* 105 *Ga.* 72 (1) (31 S. E. 130); *Planters Warehouse Co.* v. *Hardin,* supra, 459 (2); *Heffner* v. Gwynne-Treadwell Cotton Co., 160 Fed. 635 (5). In *Gordon* v. *Cobb,* 4 *Ga. App.* 51 (60 S. E. 821), Judge Powell said: "When the consignment is made generally, without any special orders as to the time and mode of sale, and the factor makes advances and incurs liabilities on the footing of such consignment, the legal presumption is, that the factor is to be clothed with the ordinary rights of factors, to sell, *in the exercise of a sound discretion, at such time and in such manner as the usage of trade and his general duty require*" (italics ours).

Under the foregoing decisions and the facts of this case, the judge erred in directing a verdict.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*