WARING *v.* GASKILL, to use, etc.

1. Where in a promissory note, the payment of which was secured by the deposit of specified collaterals, it was stipulated that in case of the non-payment of the note at maturity the payee might sell the collaterals after giving at least ten days notice to the maker of the note, and the creditor sold the collaterals without

giving such notice, the act of sale was a conversion, and especially so when the seller also became the purchaser of the securities.

2. Where a suit was brought for the recovery of the balance due upon the note after giving credit for the net proceeds of the sale of the collaterals, it was the right of the defendant to plead in recoupment the conversion; and in adjusting the account between the parties, he was entitled to credit for the actual value of the collaterals at the time of the sale. This defense could be made without demanding restitution of the collaterals, or tendering payment of the debt thereby secured.

April 8, 1895. Brought forward from the last term. Code, §4271(a-c).

Action on notes.    Before Judge ATTAWAY.    City court of Cartersville.    June term, 1894.

Waring executed to Gaskill, cashier of the Fourth National Bank of Chattanooga, three promissory notes dated May 6, June 8, and 14, 1893, for $375, $75 and $200, respectively.    To secure their payment he pledged two shares of stock of the par value of $1,000 each, stipulating in the first note that the holder should have power to sell the pledge at public or private sale at the bank, in case of failure to pay this or either of the other notes, "at any time thereafter, and without advertising the same or otherwise giving to me more than ten days notice"; and that "in case of public sale the owner may purchase without being liable to account for the net proceeds of such sale."    The notes not having been paid when due, the collateral was advertised for sale, and was publicly sold to the highest bidder on October 4, 1893, the bank becoming the purchaser for $240.    This sum, less cost of advertising and interest, was entered as a payment on the first note; and suit was brought against Waring for the balance appearing to be due on the notes.    He pleaded, that plaintiff sold the stock without giving him any notice; that he had no notice of the intended sale, and when informed of it, refused to ratify it; that it was an illegal sale and a conversion of the stock, whereby he was damaged $2,000, for, had he been given the notice provided in the contract, he

could and would, by himself or friends, have prevented the stock from being sold for $240, as it was worth its face value, which amount he pleads by way of recoupment, etc. To this plea plaintiff demurred on the grounds, that it failed to allege that defendant tendered the principal and interest due, and demanded the certificates of stock, before offering to recoup damages for the alleged conversion; and that it set out no cause of action authorizing judgment in favor of defendant. The demurrer was sustained and judgment for plaintiff rendered. Defendant excepted.

W. I. HEYWARD, for plaintiff in error.
T. C. MILNER, contra.

LUMPKIN, Justice.

The material facts are stated by the reporter.

It was error to strike the defendant's plea. The sale of the stock pledged as collateral security for the payment of one of the notes in suit, without giving the ten days notice to the defendant as required by the contract, was illegal. Under such circumstances, the sale was neither more nor less than a conversion of the property by the plaintiff, the more especially when he himself became the purchaser at his own sale. This being so, we think it clear that it was the right of the defendant, in his defense to the action brought against him upon this and the other notes, to plead in recoupment the damages occasioned him by this conversion. In adjusting the account between the parties, he was entitled to credit for the actual value of his stock at the time it was sold, and if such value exceeded the entire amount of his indebtedness to the plaintiff, he could recover the balance shown to be in his favor. Nor was it essential to the making of this defense that the defendant should have previously demanded a restitution to him of the stock in question, or that he should have tendered pay-

ment of the debt thereby secured. The questions involved in the present case were practically settled by the decision of this court in *Van Arsdale* v. *Joiner*, 44 *Ga.* 173.                                        *Judgment reversed.*