HARRELL *v.* CITIZENS BANKING COMPANY.

LUMPKIN, P. J. 1. Where the payee of a promissory note secured by a collateral converts the same to his own use by an unauthorized sale thereof, he becomes liable to the maker of the note for the actual value of the collateral at the time of the sale. *Waring* v. *Gaskill*, 95 *Ga.* 731:

2. Inasmuch as the purchaser of a negotiable promissory note after its maturity takes it subject to the equities between the original parties, the maker, in a case of the nature above indicated, may, in defense to an action against him by such purchaser, recoup the value of the collateral at the time of its conversion by the original payee.

3. Applying the rules above announced to the facts of this case, the verdict was contrary to law and to the evidence, and the court ought to have granted a new trial.

   *Judgment reversed.    All the Justices concurring, except Fish, J., absent.*

Submitted May 22,— Decided June 7, 1900.

Complaint. Before Judge Smith. Dodge superior court. October 25, 1899.

*Roberts & Milner*, for plaintiff in error.
*W. M. Clements*, contra.

----

WHITLEY GROCERY COMPANY *v.* WALKER.

COBB, J. An acknowledgment of service of a bill of exceptions entered thereon before the same was certified by the trial judge constitutes no such service of the paper as the law requires. In such a case the writ of error must be dismissed; and this is so though no notice of the motion to dismiss was given to counsel for the plaintiff in error. *Seliger* v. *Coker*, 105 *Ga.* 512, and cases cited.

*Writ of error dismissed.    All the Justices concurring, except Fish, J., absent.*

Submitted May 22, —Decided June 7, 1900.

*D. B. Jay*, for plaintiff.
*W. F. Way* and *E. W. Ryman*, for defendant.