# CASES

## DECIDED IN THE

# SUPREME COURT OF GEORGIA

### AT THE

## MARCH TERM, 1909.

---

## WHIGHAM v. FOUNTAIN.

1. A mere warehouseman with whom cotton is stored to be held for the owner, and who makes advances and retains the cotton as security for the debt, can not, in the absence of a contract otherwise providing, sell the cotton until after the maturity of the debt, and then only at public sale to the highest bidder, after giving notice for thirty days to such owner of the intention to sell. If there be a special contract, then the parties will be governed by its terms.
2. "If a pledgee by an unauthorized sale puts it out of his power to restore the property upon payment or tender of the debt secured, he is liable for its conversion, without a demand and tender of performance by the pledgor."
3. If a warehouseman be also a factor and commission merchant—that is, if he not only receives goods and merchandise to be stored for hire, but is also an agent entrusted with the possession, control and disposal of goods of his principal for a commission, then he has a lien on the property of the principal in the possession of the factor, for all advances made thereon and expenses incurred in respect thereto, and, as a general rule, may sell, in accordance with the usages of trade, a sufficiency of the property to cover such advances and expenses. If, however, there be a special contract between the principal and his factor, limiting and defining the powers of the factor, the parties will be bound by its stipulations, though contrary to the general rule.

Argued November 7, 1908.—Decided March 10, 1909.

Complaint. Before Judge Martin. Pulaski superior court. June 24, 1908.

Whigham brought an action against Fountain, as surviving partner of Fountain & Hendley. The material substance of the petition

was: Plaintiff, on November 1, 1904, placed with Fountain & Hendley, for storage in their warehouse, ten bales of cotton of designated numbers and weights, upon which they advanced to him $360, plaintiff leaving with them in pledge and to secure such advances the warehouse receipts for the cotton, it being expressly agreed between the plaintiff and such firm that the cotton was not to be sold to cover the advances, except by plaintiff's consent and after due notice to him. On April 15, 1905, Fountain & Hendley, without advertisement, without notice to plaintiff, and without his authority or consent, converted the cotton by selling the same and applying the proceeds thereof to the payment of the advances which they had made on it. Plaintiff claimed title to the cotton so converted, and defendant's firm refused to deliver the same to him or to pay him the value thereof. Plaintiff elected to take the value of the cotton and prayed judgment for such, less the $360 advanced.

Defendant admitted selling the cotton without advertising the sale and without notice to plaintiff and without his consent, but denied that there was any contract, either express or implied, between the plaintiff and the defendant's firm that it was not to be sold without the consent of or notice to plaintiff. Defendant alleged that the cotton was sold to reimburse his firm for the advances made thereon, and brought $296.44, which left a balance due the firm by plaintiff of $63.56. Upon the trial, there was a verdict for the defendant; and the plaintiff's motion for a new trial having been overruled, he excepted.

*Herbert L. Grice* and *Tomlinson Fort,* for plaintiff.

*M. H. Boyer,* for defendant.

FISH, C. J. (After stating the facts.) One of the grounds of the motion for a new trial was, that the court erred in charging the jury as follows: "A warehouseman is a depositary for hire; and if you believe from the evidence that Whigham, the plaintiff, deposited this cotton with the warehousemen, the defendants, and drew a certain sum of money on it, and that it was to be and remain there as security for the money borrowed, then the plaintiff would have no right to bring an action to recover the cotton until he had paid these advances, and all storage charges, or tendered the same." The court erred in giving this charge. If Fountain & Hendley were merely warehousemen, and plaintiff left the cotton with them for storage, and they subsequently advanced him money

on it, taking the warehouse receipts as collateral for the payment of the money so advanced, then, in the absence of a special contract, the warehousemen could only sell after maturity of the debt, at public sale, to the highest bidder, after giving notice to Whigham of intention to sell. Civil Code, §2958; *Halliday* v. *Bank of Stewart County,* 112 *Ga.* 461 (37 S. E. 721). If there were a special contract, as the plaintiff contended, then of course the parties would be bound by its terms; and if its terms were such as plaintiff alleged, Fountain & Hendley, even though they acted in the matter both as warehousemen and factors, could not sell without notice to and consent of the plaintiff. And if they, by an unauthorized sale, put it out of their power to restore the property upon payment or tender of the amount of the debt secured, they were liable for its conversion, without a demand and tender of performance by Whigham. Jones, Pledg. & Col. Sec. §571 a; *Van Arsdale* v. *Joiner,* 44 *Ga.* 173; *Waring* v. *Gaskill,* 95 *Ga.* 731 (22 S. E. 650); *Harrell* v. *Citizens Banking Co.,* 111 *Ga.* 846 (36 S. E. 460). If the relation between Whigham and Fountain & Hendley were that of principal and factor, that is, if Fountain & Hendley were entrusted with the possession, control, and disposal of the cotton, for a commission, for the benefit of Whigham, then such firm had a lien upon the cotton in their possession for all advances made thereon and expenses incurred in connection therewith, and, in the absence of a special contract, had the right to sell the cotton in accordance with the usages of the trade, for reimbursement for such advances and expenses. If there were a special contract, then it would govern, though contrary to the general rule. In the absence of a special contract, the only way in which Whigham could have defeated the right of Fountain & Hendley, if they were factors, to sell a sufficient amount of the cotton to discharge the sum due them for expenses and advances, would be to pay or tender to such firm an amount that would discharge the indebtedness.) *Heard* v. *Russell,* 59 *Ga.* 25 (12); *Willingham* v. *Rushing,* 105 *Ga.* 72, 75, (31 S. E. 130).

The instructions given by the trial judge in *Tyus* v. *Rust,* 43 *Ga.* 529, which were similar to the charge excepted to in the present case, were not approved by this court; as it was merely held in that case that the charge given, when considered as a whole, was not erroneous.　　　*Judgment reversed. All the Justices concur.*