## 3811.　WOOD & BROTHER *v.* JONES & SON.

1. Where a cotton factor makes with his principal an express contract to hold the cotton until instructed by his principal to sell, if the factor sells in the absence of instructions from the principal, the latter may recover whatever damages he has sustained. The measure of the damages would be the difference between the price for which the cotton was sold and the highest proved market value of the cotton, at the place where it was sold, at any time between the date of the sale and the date of the trial. If, in such a case, the factor sues the principal for advances previously made upon the cotton, the principal may recoup whatever damages he has sustained by reason of the breach of the contract by the factor.
2. There was no error of law committed, and the verdict was fully warranted by the evidence.

Complaint; from city court of Statesboro—Judge J. Hartridge Smith presiding.　October 5, 1911.

The suit was upon a promissory note dated September 12, 1906, and due January 12, 1907, payment of which was secured by a deed to land.　Contemporaneously with the note and the deed the defendants executed a writing in which they agreed that in consideration of advances aggregating the principal of the note sued on, they would deliver to the plaintiffs, for sale for account of the defendants, one bale of upland cotton for every ten dollars which had been or might be advanced.　This instrument was not signed by the plaintiffs.　The writing further provided: "All cotton I deliver for sale or remittances I may make to J. S. Wood & Bro. shall at their option be applied, first to the credit of any open account I may owe them and to the payment of damages aforesaid, up to the time of a final settlement; and that the above note or notes shall remain in full force, until such settlement."　The defendants filed an answer setting up that the note was given to secure the plaintiffs for advances made to the defendants upon 45 bales of upland and 48 bales of sea-island cotton which had been shipped to the plaintiffs as factors, to be sold by them for the defendants' account; that when

the note was executed, the plaintiffs agreed to hold the cotton "until the same was ordered sold by the defendants;" that in violation of this agreement the plaintiffs sold the cotton at reduced prices, to the damage of the defendants in a named sum; that if the sea-island cotton had been held and sold on December 12, 1906, it would have been worth 34½ cents per pound, and if the upland cotton had been held and sold "about the 2d day of December, 1906," it would have been worth 11½ cents per pound. The answer avers that the cotton was actually sold by the plaintiffs without any instructions so to do from the defendants, on a date prior to the dates above mentioned and for a less price than it was worth on those dates. The defendants base their right to recoupment upon the facts just recited. A demurrer to the answer was overruled, and the defendants prevailed at the trial. The plaintiffs assign error upon the refusal of a new trial, and also upon the refusal to strike the defendants' answer.

*Brannen & Booth,* for plaintiffs.

*J. J. E. Anderson, Deal & Renfroe, Hines & Jordan,* for defendants.

POTTLE, J. (After stating the foregoing facts.)

One ground of the demurrer raised the point that the defendants were not entitled in this action to recoup the damages which they claimed to have sustained by reason of the breach of contract by the plaintiffs. The defendants alleged that the consideration which moved them to execute the note sued on and the deed which was given to secure it was the express contract then and there made with the plaintiffs, under which they agreed to hold the defendants' cotton until instructed by them to sell. "Between the parties themselves any mutual demands, existing at the time of the commencement of the suit, may be set off." Civil Code (1910), § 4340. "Recoupment is a right of the defendant to have a deduction from the amount of the plaintiff's damages, for the reason that the plaintiff has not complied with the cross-obligations or independent covenants arising under the same contract." Civil Code (1910), § 4350. "It differs from a set-off in this: The former is confined to the contract on which plaintiff sues, while the latter includes all mutual debts and liabilities." Civil Code (1910), § 4351. "Recoupment may be pleaded in all actions ex contractu, where from any reason the plaintiff under the same contract is in good

conscience liable to defendant. And in all cases where, under the laws of this State, recoupment may be pleaded, if the damages of the defendant shall exceed, in amount, those of the plaintiff, the defendant shall in such cases recover of the plaintiff the amount of the excess." Civil Code (1910), § 4353; *Hatcher* v. *Comer,* 73 *Ga.* 418. Under these sections of the code it is clear that there was no merit in this ground of the demurrer.

The further point is made that the defendants should not be permitted to set up the parol agreement with the plaintiffs, because to do so would be to add to or vary the written contract, it being claimed that ·inasmuch as one of the writings comprising the contract stipulated that the defendants would deliver the cotton to the plaintiffs for sale for account of the defendants, it would be a variance from this contract to permit proof of the contract as relied on by the defendants. There is no merit in this' point, because it is expressly alleged in the answer that when the plaintiffs demanded of the defendants additional security for the advances which had been made and which were to be made in the future, the defendants consented to execute the note and the deed upon the express agreement of the plaintiffs not to sell the cotton until instructed so to do by the defendants. Under this allegation of the answer the plaintiffs' promise was a consideration for the execution of the note and the deed. The plaintiffs seek not only a general judgment on the note, but a special judgment against the land described in the deed; and, as the consideration of a deed may always be inquired into when the principles of justice require it (Civil Code (1910), § 4179), this ground of the demurrer was properly overruled.

The point is made by demurrer, objections to the evidence, and exceptions to the judge's charge, that the contract relied on by the defendants as the basis of the plea of recoupment was too uncertain and indefinite in its terms to be capable of enforcement, and that the defendants can not arbitrarily select December 2 and December 12 as the dates from which they estimate the amount of damages which they sustained; and it is further insisted that even if the contract was sufficiently definite and certain to be otherwise capable of enforcement, under the law applicable to the case the plaintiffs had a right to sell the cotton without any instructions from the defendants, for the. purpose of reimbursement

for advances made. The plaintiffs had an agency coupled with an interest, and, as such agents, had a right, in the absence of a special contract, to sell the cotton, in their discretion, to reimburse themselves for advances previously made: Where there is an agency coupled with an interest, unreasonable instructions detrimental to the agent's interest may be disregarded. Civil Code (1910), § 3576; *Gordon* v. *Cobb*, 4 *Ga. App.* 49 (60 S. E. 821). But where a factor and his principal have entered into an express contract fixing the price at which the goods consigned are to be sold or the time when the sale shall be made, the parties are bound by such a contract to the same extent and in the same way that parties are ordinarily bound by their contracts. Brown *v.* McGran, 14 Pet. (U. S.) 550 (10 L. ed. 479). If the contract was actually made as contended by the defendants, the plaintiffs were guilty of a conversion in selling the cotton without instructions, and an action of trover could have been maintained against them for the recovery of the cotton or its value. In the case of *Whigham* v. *Fountain,* 132 *Ga.* 277 (63 S. E. 1115), this course was pursued. It appeared in that case that the plaintiff sent to factors a certain lot of cotton upon which they advanced him money, and it was expressly agreed between the plaintiff and the factors that the cotton was not to be sold to cover the advances, except by the plaintiff's consent and after due notice to him. The Supreme Court held that the parties were bound by this contract, and that the plaintiff was entitled to recover in trover the highest proved value of the cotton between the date of the conversion and the date of the trial. It necessarily follows from this decision that where the owner of the cotton elected to wait until sued for the advances made by the factor, he would have a right to rely upon the fact that the factor had damaged him in a sum greater than the amount sued for, by selling the cotton without any instruction from him to do so, and in violation of an express contract made between the parties. In this case the defendants selected two dates and calculated the damages which they claimed to have sustained upon the market price of cotton on these dates. One of the defendants testified that he had actually sold cotton in Savannah on those two dates, knew what the market price was at that time, and would have then sold the cotton which he had consigned to the plaintiffs, if he had had it. Without reference to whether the statement as to what the defendant would

have done is too uncertain in an ordinary case, it has no application here; because he would have had a right to take as the basis for the estimate of damages the highest market ,value of the cotton on any date between the time of the conversion by the plaintiffs and the date of the trial. *Gray* v. *Bass*, 42 *Ga.* 270; 3 Am. & Eng. Ency. L. (1st ed.), 329. It can afford the plaintiffs no ground of complaint that the defendants selected December 2 and December 12. Especially so in view of the fact that there was evidence showing that at a later date cotton was worth more in the market in Savannah that it was on these two dates. The court did not err in over-ruling the ground of the demurrer to the defendants' answer here-inbefore referred to, nor was there any error in admitting evidence or in charging upon the theory that if the defendants proved the contract which they alleged to have been made, they would be entitled to recover against plaintiffs whatever damages they could show they had sustained. The demurrer, having been filed more than a year after the filing of the answer, can not be considered, save in so far as it raised the question that the answer did not set forth any defense to the action. The judge's charge was sufficient on the question of the measure of damages, in the absence of a request for more specific instructions. There was enough in the charge for the jury to understand that if they found in favor of the defendants they were to find the amount of the difference be-tween the sum realized by the plaintiffs for the cotton and the price they could have realized on the dates on which market value was shown, and that if this sum exceeded the balance of advances for which the plaintiffs sued, the defendants would be entitled to recover the difference.

The evidence was conflicting, but there was testimony directly substantiating the allegation in the answer with reference to the contract relied on by the defendants, and the verdict was fully sup-ported by the evidence.                *Judgment affirmed.*