7916. PARK, receiver, *v.* SWANN.

BROYLES, P. J. 1. Under the rulings in *Park* v. *Carmichael,* ante, 36 (92 S. E. 397), the court did not err in overruling the 5th, 6th, 7th, and 8th grounds of the demurrer to the amended answer of the defendant.

2. The admission of the documentary evidence excepted to was not error for any reason assigned.

3. Ordinarily the measure of damages where property has been converted is its market value at the time of the conversion. *Waring* v. *Gaskill,* 95 *Ga.* 731 (2), 732 (22 S. E. 659); *Alexander* v. *Peebles,* 144 *Ga.* 78 (86 S. E. 231); Preston *v.* Prather, 137 U. S. 604 (5) (11 Sup. Ct. 162, 34 L. ed. 788). In this case, however, the defendant did not plead that the cotton turned over by him to the bank as collateral security for his notes was actually converted; and his evidence showed that the cotton was delivered to the bank with the agreement that it was to be sold before October 1, 1915, unless the defendant directed otherwise. It was undisputed that the cotton was shipped away by the president of the bank, before the date mentioned, and before the appointment of the receiver, without the knowledge or consent of the defendant. It was also undisputed that the other officers and directors of the bank knew that its president was, without authority, shipping away cotton, the assets of the bank, from the warehouse in which the defendant's cotton was stored. And the evidence authorized a finding that these officers and directors of the bank knew, or by ordinary diligence could have discovered, that the defendant's cotton was in danger of being thus unlawfully disposed of; and the undisputed evidence showed that they took no steps whatever to preserve this collateral security, so that it would be present to answer the purpose of the bailment. Under such circumstances the bank was liable to the defendant for its breach of contract in failing to preserve the cotton, as it had impliedly agreed

to do; and, as between the bank and the defendant, the bank was liable for the cotton, or for its value at any time up to October 1, 1915, as the defendant might elect to sell. The defendant elected on September 20, 1915, that the bank settle with him for the cotton at its market value on that date, and at the same time so notified the receiver of the bank. The fact that the defendant did not exercise his right of election under the contract until after the appointment of a receiver for the bank is immaterial. Under these facts the charge of the court that the defendant would be entitled to the value of the cotton at the time to which the bank agreed to carry it, and, when he made demand that the cotton be sold and credited on the note, that he would be entitled to a credit of the amount which the cotton would bring, not when actually sold but when it was contracted and agreed that it should be sold, was not erroneous. Considering this charge with its context, the jury must have understood that the court meant that the defendant would be entitled to be credited with the *market value* of the property as of September 20, 1915.

4. The facts which the defendant relied on to show negligence on the part of the bank and its officers and directors were undisputed, and showed affirmatively that they failed to exercise any degree of care whatever for the preservation of the property bailed. Section 3470 of the Civil Code of 1910 provides that all bailees are required to exercise care and diligence in protecting and safely keeping the thing bailed; and by section 3469 the burden of showing proper diligence is placed upon the bailee, upon proof of the loss of the property. It therefore affirmatively appears in this case that, if the evidence for the defendant was true, the officers and directors of the bank were, as a matter of law, negligent in the premises, and the charge of the court to this effect was not erroneous. The court properly left it to the jury to determine whether the evidence relied on by the defendant to show such negligence was true. See, in this connection, *Morel* v. *Roe, R. M. Charl.* 19. The ruling in the instant case is not in conflict with those numerous decisions of the Supreme Court and of this court which hold that it is erroneous for the judge in his charge to assume or to instruct the jury that certain things, not directly made so by law, are or are not negligence.

5. The charges of the court excepted to are not erroneous for any other reason assigned.

6. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*

DECIDED MAY 3, 1917.

Complaint; from city court of Blakely—Judge Sheffield. October 20, 1916.

*Glessner & Collins,* for plaintiff.   *L. M. Rambo,* for defendant.