### 9296. CAMPBELL v. REDWINE BROTHERS.

JENKINS, J. 1. A factor is one who not only receives goods and merchandise for hire, but, being entrusted with the possession, control, and disposal of the goods of his principal for a commission, has a lien for all advances made thereon and expenses incurred in respect thereto. In order to liquidate such demands, he may, as a general rule, and in

accordance with the usages of trade, sell a sufficiency of the goods so entrusted (Civil Code of 1910, § 3502; *Whigham* v. *Fountain*, 132 Ga. 277, 63 S. E. 1115); but even though the factor's agency be thus coupled with an interest, if there should be an express contract whereby the goods are to be held until a sale is authorized, the factor is bound by the terms of the agreement as actually made, and is liable to the owner for any damages which may be sustained by reason of an unauthorized sale. *Wood* v. *Jones*, 10 Ga. App. 735 (73 S. E. 1099).

2. "A pledge, or pawn, is property deposited with another as security for the payment of a debt" (Civil Code of 1910, § 3528; *Citizens Banking Co.* v. *Peacock*, 103 Ga. 171, 29 S. E. 752); and unless otherwise provided by contract, property so received can not be sold by the pledgee until after thirty days' notice to the pledgor of his intention to sell; and the sale must be in public, fairly conducted, and to the highest bidder. Civil Code, § 3530; *Halliday* v. *Bank of Stewart County*, 112 Ga. 461 (37 S. E. 721).

3. Under the evidence in this case the receipt of the cotton by the plaintiffs "in trust," as security for a debt of the defendant, was a pledge or pawn. Whether a sale was authorized at the time the sale was made by the pledgees was a matter of dispute, under the testimony; there was no dispute that they failed to comply with the requirements of law governing the sale of property pledged; neither was it denied that the defendant received full credit for the actual value of the property at the time of the sale. *Held:* Where a suit is brought by a pledgee for the balance due on an obligation, after giving credit for the net proceeds from the sale of the property pledged, the defendant can elect to set up by way of recoupment a conversion of the property, by showing non-compliance with the rules governing such a sale; and the measure of damages is the difference between the amount of the credit allowed and the actual value of the property at the time of the sale. In a case in which the jury is authorized to find that the sale was made at a time when it could be legally effected, non-compliance with the statutory requirements governing the sale will not authorize the defendant to recover by way of recoupment the difference between the value of the property at the time of the sale and its value at a subsequent date. *Waring* v. *Gaskill*, 95 Ga. 731 (2), 732 (22 S. E. 659); *Harrell* v. *Citizens Banking Co.*, 111 Ga. 846 (36 S. E. 460).

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*

Decided July 9, 1918.

Certiorari; from Fayette superior court—Judge Searcy. September 19, 1917.

*W. B. Hollingsworth,* for plaintiff in error.

*J. W. Culpepper,* contra.