*E. W. Butler,* for plaintiff.   *M. C. Few,* for defendant.

---

## 14086. PLANTERS WAREHOUSE CO. *v.* HARDIN.

BELL, J. 1. " A mere warehouseman with whom cotton is stored to be
 held for the owner, and who makes advances and retains the cotton as
 security for the debt, can not, in the absence of a contract otherwise
 providing, sell the cotton until after the maturity of the debt, and then
 only at public sale to the highest bidder, after giving notice for thirty
 days to such owner of the intention to sell. If there be a special con-
 tract, then the parties will be governed by its terms." *Whigham* v.
 *Fountain*, 132 *Ga.* 277 (1) (63 S. E. 1115).

2. " If a warehouseman be also a factor and commission merchant — that
 is, if he not only receives goods and merchandise to be stored for hire,
 but is also an agent entrusted with the possession, control and disposal
 of goods of his principal for a commission, then he has a lien on the
 property of the principal in the possession of the factor, for all ad-
 vances made thereon and expenses incurred in respect thereto, and,
 as a general rule, may sell, in accordance with the usages of trade, a
 sufficiency of the property to cover such advances and expenses. If,
 however, there be a special contract between the principal and his
 factor, limiting and defining the powers of the factor, the parties will
 be bound by its stipulations, though contrary to the general rule."
 *Whigham* v. *Fountain*, supra.

3. /" Where a cotton factor makes with his principal an express contract to
 hold the cotton until instructed by his principal to sell, if the factor
 sells in the absence of instructions from the principal, the latter may
 recover whatever damages he has sustained." *Wood* v. *Jones*, 10 *Ga.*
 *App.* 735 (1) (73 S. E. 1099). See also Brown *v.* McGran, 14 Peters
 (U. S.), 479 (10 L. ed. 550); *Gordon* v. *Cobb*, 4 *Ga. App.* 49 (2) (60
 S. E. 821); *Campbell* v. *Redwine*, 22 *Ga. App.* 455 (1) (96 S. E. 347).

4. This was an action for damages on account of the alleged unauthorized sale by the defendant of cotton deposited by the plaintiff and on which the plaintiff had procured of the defendant a loan. The verdict was in favor of the plaintiff, and the defendant excepts to the overruling of its motion for a new trial, which contained the general grounds only. The sale was without notice or advertisement. The evidence did not demand the conclusion that the plaintiff was more than a mere warehouseman, and while it was inferable that it was also a factor and commission merchant, there was some proof of a "special contract between the principal and factor, limiting and defining the powers of the factor," and of the violation of the contract by defendant in the sale. The verdict was supported by the evidence, whether the defendant was warehouseman only or whether it was also a factor.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*
DECIDED JUNE 25, 1923.

Complaint; from Wilkes superior court — Judge Shurley. November 6, 1922.

*Colley & Colley, William Wynne,* for plaintiff in error.
*Clement E. Sutton,* contra.