14300.    BLALOCK *et al.* v. ADAMS.

1. There being some evidence to support the verdict, which has the ap-
proval of the trial judge, this court, in reviewing the judge's order
refusing the motion for a new trial, is without authority to set aside
the verdict upon a consideration of the general grounds only.

2. Under conflicting evidence the judge did not err in refusing to grant
a new trial on account of alleged prejudice and bias of one of the
jurors.

> DECIDED OCTOBER 11, 1923.

Complaint; from Fayette superior court—Judge Searcy.  Janu-
ary 10, 1923.

J. R. Adams brought a suit against S. T. and A. O. Blalock, a
firm composed of A. O. Blalock individually and A. O. Blalock as
executor of S. T. Blalock, deceased, for $12,028.24, principal, be-
sides interest, alleging that he borrowed $5,850 from the defend-
ants, who operated a bank, for which he gave his promissory note
dated November 1, 1920, secured by 100 bales of lint-cotton, the
warehouse receipts for which were pledged with the note. The

note was renewed on April 1, 1921; and the plaintiff alleged that on May 19 next thereafter he paid off the note and called for his cotton, but discovered that the defendants had sold the cotton without authority, on November 5, 1920, at 24½ cents per pound and for the aggregate sum sued for. He sought to recover the proceeds of the sale as for money had and received.

The defendants filed an answer, in which it was set up, that, at the time the cotton was pledged, the plaintiff agreed with the defendants that they could sell or dispose of it at any time and in any way that they might desire, provided they retained samples, so that the plaintiff, at any time he wished the price of the cotton, might settle with the defendants at the price of the cotton as of that date; that it was agreed between the parties that the plaintiff should have the right in this manner to determine the price which he would receive for his cotton at any time during the existence of the indebtedness; that on May 13, 1921, he came to the defendants to get the samples, and took the samples out to ascertain what was then the price, in order for a settlement as of that date; that the defendants then and there agreed with him to settle at the then prevailing price as soon as the plaintiff ascertained it and returned with the information; that under the agreement between the parties, made at the time the cotton was pledged, that the plaintiff might select any day during the existence of the indebtedness on which a settlement would be required, the rights of the parties became fixed as of May 13, 1921, when the plaintiff demanded the settlement and the defendants assented; and that on that date the prevailing price of cotton pledged was 13¾ cents per pound. The defendants alleged also, that, notwithstanding the defendants' offer to settle according to the agreement and the plaintiff's election, the plaintiff unreasonably and unlawfully then refused to settle on the stipulated basis, and demanded of the defendants the particular 100 bales of cotton which he had left with them, and which he well knew he had given the defendants complete authority to sell, and which he also knew they had sold long before. It was set up further that when the plaintiff demanded his 100 bales of cotton the defendants had in their possession the same quantity of cotton in bales, of the same grade and quality, worth equally as much money, which they tendered to the plaintiff in satisfaction of his demand,

but which the plaintiff refused. The plaintiff having paid the note, the defendants pleaded a tender of $5,278.30, as the value of the cotton as of May 13, less storage and insurance.

The verdict was for the plaintiff, for the principal sum sued for, with interest. The defendants filed a motion for a new trial. The only ground added to the general grounds was based upon alleged prejudice and bias of a juror, who, it was averred by certain affiants, had made statements, prior to the trial, indicating a conviction in his mind that the plaintiff should prevail. The juror, in an affidavit produced by the plaintiff at the hearing, denied making the statements attributed to him. Upon this issue the parties introduced various supporting affidavits. The trial judge overruled the motion, and the defendants excepted.

*R. R. Arnold, W. B. Hollingsworth,* for plaintiffs in error.

*Culpepper & Murphy, Reagan & Reagan,* contra.

BELL, J. (After stating the foregoing facts.)

1. In the absence of a special contract the defendants, who took the warehouse receipts merely as collateral security for the debt, could only sell after maturity of the debt, at public sale, to the highest bidder, after giving notice to the plaintiff of their intention to sell. Civil Code (1910), § 3530; *Whigham* v. *Fountain,* 132 *Ga.* 277 (1) (2) (63 S. E. 1115). See also *Park* v. *Swann,* 20 *Ga. App.* 39 (3) (92 S. E. 398) ; *Campbell* v. *Redwine,* 22 *Ga. App.* 455 (96 S. E. 347). The defendants did not undertake to come within the provisions of this principle, but set up a special contract. Of course, if the special contract existed as the defendants contended, the parties were bound by it, and the plaintiff should not have recovered; but the existence or non-existence of the special contract was in issue. A preponderance of the evidence, judging by the number of witnesses, rested apparently with the defendants, but all their material contentions were denied by the testimony of the plaintiff, and the verdict was therefore not without some evidence to support it. It is insistently contended by the plaintiffs in error that the evidence shows, without dispute, that when the cotton was demanded by the plaintiff the defendants offered to deliver to him 100 bales of the same grade, quality, and weight. But the record discloses that this question was also in issue by the testimony. The plaintiff testified that Mr. Blalock told him he

would buy for him 100 bales of cotton, but that "there wasn't anything said about grades." Moreover, if there had been no dispute between the parties on this point, "the general rule is that the bailee can discharge his liability to the bailor only by returning the identical thing which he has received under the terms of the bailment." 3 R. C. L. 115; 6 C. J. 1139. There are certain exceptions to the rule, but the exceptions are not here material. We should hold, therefore, that it is really immaterial whether the evidence upon this feature of the case was in conflict or not. An offer to deliver other cotton of the same quantity and quality would, under the rule stated above, constitute no defense to the plaintiff's action. The only issuable defense which the defendants asserted was that of the special contract. The settlement of this issue by the jury upon conflicting evidence is conclusive upon this court in a consideration merely of the general grounds of the motion for a new trial. The trial judge, in overruling the motion, approved the verdict, and this court is powerless to interfere. There is nothing better settled than that if the verdict is supported by the testimony of a single witness and has the approval of the judge who tried the case, this court is without constitutional power to set the verdict aside, though a multitude of witnesses may have testified to a contrary state of facts.

But it is also contended that the evidence of the plaintiff was so self-contradictory and uncertain that in law it should be disregarded. However much the plaintiff's testimony may have been contradicted by others, we cannot say that it is materially contradictory in itself. It is the peculiar function of the jurors to settle the disputes of the witnesses; and where they have done so and the judge has overruled the motion of one of the parties for a new trial, in which no error of law is complained of, the Court of Appeals is concluded. "This court has no power to determine that the preponderance of the evidence is in favor of one party to the cause rather than the other, or to award a new trial in any case where there is any evidence sufficient to support the verdict rendered." *Bunn* v. *Hargraves*, 3 *Ga. App.* 518 (4) (60 S. E. 223). "A verdict cannot be set aside by this court merely because it is against the weight of evidence." *Randall* v. *Bell*, 12 *Ga. App.* 614 (77 S. E. 1132).

2. It is equally well settled that where a verdict is attacked in a motion for a new trial because of the prejudice of a juror, and an issue is formed by the evidence introduced by the parties upon the motion, the judge is the trior, and, unless there is an abuse of discretion, his finding against the movant and in favor of the impartiality of the juror is to be treated as final. Such is this case. *Jefferson* v. *State,* 137 *Ga.* 382 (1) (73 S. E. 499) ; *Webb* v. *State,* 138 *Ga.* 138 (1) (74 S. E. 1001) ; *Embry* v. *State,* 138 *Ga.* 464 (2) (75 S. E. 604).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*