15235.    BENNETT, superintendent, for use, etc., v. TUCKER & PENNINGTON.

Where in a suit upon a note the defendant recoups for the conversion of property pledged to secure the debt, the measure of his damages for the conversion, in the absence of a special contract, is the actual value of the property at the time of the conversion, which the jury, or the judge sitting as sole trior, may, in their or his discretion, augment by the addition of legal interest thereto from the date of the conversion. The defendant pledgor, in such a case, is not entitled to recover the highest proved value between the date of the conversion and the trial, as in trover, and the court in this case erred in allowing that measure of damages.

DECIDED APRIL 25, 1924.

Complaint; from Putnam superior court—Judge Park. November 9, 1923.

*Callaway & DeJarnette,* for plaintiff.

*Stubbs & Duke,* for defendants.

BELL, J. The amended action in this case was a suit upon a note by "T. R. Bennett, superintendent of banks, for the use of the Bank of Eatonton, for the use of the Farmers Bank of Palmetto," against Tucker and Pennington. The defendants pleaded a conversion by the Bank of Eatonton of certain cotton which they had pledged with it as security for the debt, and prayed to recoup for its highest proved value between the date of the conversion and the trial. The case was submitted to the judge for determination without a jury, upon an agreed statement of facts. It is undisputed that the cotton was sold by the bank without a compliance with section 3530 of the Civil Code, providing that "The pawnee may sell the property received in pledge after the debt becomes due and remains unpaid; but he must always give notice for thirty days to the pawner of his intention to sell, and the sale must be in public, fairly conducted, and to the highest bidder, unless otherwise provided by contract." It does not appear that there was any special contract between the defendants and the bank.

The sole question between the parties in the court below was whether the measure of the defendants' recoupment was the actual value of the property at the time of the conversion, or the highest proved value between the date of the conversion and the trial. The judge decided this question in favor of the defendants, and, after allowing a credit for the highest value shown in the agreed statement of facts, rendered judgment against Tucker for the balance

due. Pennington pending the cause had been discharged in bankruptcy. The plaintiff, contending that the credit should have been allowed only for the actual value of the property at the time of the conversion, excepted to the judgment and brought the case here for review.

Inasmuch as it has been insisted by some of the counsel in this case and in two other cases before us at the same time, wherein the briefs discussed the same question, that there is confusion, if not conflict, in the decisions relating thereto, we have given more than ordinary thought and study to its solution. See *Hall* v. *Vann*, 32 *Ga. App.* 281 (123 S. E. 172), and *Vann* v. *Kimbrel*, 32 *Ga. App.* 275 (123 S. E. 168).

The measure of damages for the conversion of property will vary according to the remedy which the injured party adopts. *Milltown Lumber Co.* v. *Carter*, 5 *Ga. App.* 344 (2) (63 S. E. 270). In each of those cases in which the aggrieved party has been allowed to recover the highest proved value between the date of the conversion and the trial the action was either in tort (trover being an action ex delicto,—*Southern Railway Co.* v. *Born Steel Range Co.*, 122 *Ga.* 658 (2) 50 S. E. 488), or the claim, if ex contractu, was based upon the breach of a special contract. In the latter case he may recover such damages as he may have sustained, even up to the highest proved value between the conversion and the trial, depending upon the particular nature of the agreement. *Bedell* v. *Bass*, 42 *Ga.* 271 (3); *Wood* v. *Jones*, 10 *Ga. App.* 735 (1) (73 S. E. 1099); *Park* v. *Swann*, 20 *Ga. App.* 39 (3) (92 S. E. 398); *Campbell* v. *Redwine*, 22 *Ga. App.* 455 (1) (96 S. E. 347); *Roberts* v. *Bank of LaGrange*, 25 *Ga. App.* 343 (2) (103 S. E. 176); *Planters Warehouse Co.* v. *Hardin*, 30 *Ga. App.* 459 (3) (118 S. E. 441). If there is a special contract, "then of course the parties would be bound by its terms." *Whigham* v. *Fountain*, 132 *Ga.* 277 (1), 279; *Pilcher* v. *Smith*, 31 *Ga. App.* 606 (121 S. E. 701).

Where one who is sued upon a debt which is secured by a pledge pleads a conversion of the security, the cross-action which he makes, unless in equity and based upon special grounds, must of necessity be ex contractu. "Tort cannot be set off against contract." *McKleroy* v. *Sewell*, 73 *Ga.* 657 (1); *McLendon* v. *Finch*, 2 *Ga. App.* 421 (2 b) (58 S. E. 690). In such a case, unless he pleads some special contract entitling him to a higher measure of damages, he

cannot recoup by that *exceptional* measure which would be allowable if he were suing in trover. *Waring* v. *Gaskill,* 95 *Ga.* 731 (2) (22 S. E. 659) ; *Harrell* v. *Citizens Banking Co.,* 111 *Ga.* 846 (1) (2) ; *Turner.* v. *Commercial Savings Bank,* 17 *Ga. App.* 631 (1) (87 S. E. 918) ; *Campbell* v. *Redwine,* 22 *Ga. App.* 455 (3) (96 S. E. 347) ; *Kennedy* v. *Buckeye Cotton Oil Co.,* 29 *Ga. App.* 167 (2) (114 S. E. 79) ; *Whigham* v. *Fountain,* supra. "Ordinarily the measure of damages where property has been converted is its market value at the time of the conversion." *Park* v. *Swann,* supra. Meeting the plaintiff's action ex contractu by a cross-action necessarily of the same kind, he must thus be content to accept a measure of damages applicable in an action ex contractu. The recoupment proceeds upon the theory of a breach of the obligations of the pledgee implied by the law in the pledge contract (Civil Code of 1910, §§ 3531, 3532, 3535, 3536; *Turner* v. *Commercial Savings Bank,* supra; Glidden v. Mechanics' National Bank, 53 Ohio St. 588, 42 N. E. 995, 43 L. R. A. 737, 749), considering that and the loan contract as one (see, on recoupment, Civil Code of 1910, §§ 4350, 4353) ; and damages recoverable for a breach of contract are only "such as arise naturally and according to the usual course of things from such breach, and such as the parties contemplated, when the contract was made, as the probable result of its breach." Civil Code (1910), § 4395. "Exemplary damages can never be allowed in cases arising on contracts." Civil Code (1910), § 4393.

It cannot be said that the parties in making the contract contemplated that either would, instead of complying therewith, take advantage of it to commit a tort, as to which the measure of damages might be higher. "A very definite difference is generally recognized between consequential damages which may be recovered for the breach of a contract and similar damages recoverable for a tort." *Southwestern R. Co.* v. *Vellines,* 14 *Ga. App.* 674 (2), 683 (82 S. E. 166) ; *City & Suburban Railway* v. *Brauss,* 70 *Ga.* 368 (1) (2) ; *State Mutual Annuity & Life Asso.* v. *Baldwin,* 116 *Ga.* 855 (2) (3) (43 S. E. 262) ; *Carr* v. *Southern Railway Co.,* 12 *Ga. App.* 830 (1) (79 S. E. 41) ; Civil Code (1910), §§ 5929, 5930.

The pledgor in such a case is not obliged to await the action of the pledgee and then adopt the remedy of recoupment. He may take the initiative, pay the debt, and sue the pledgee in trover.

This he may do without paying or tendering the debt, if the pledgee by an unauthorized sale has put it out of his power to return the property upon such payment or tender. *Whigham* v. *Fountain,* supra; *Halliday* v. *Bank of Stewart County,* 112 *Ga.* 461 (37 S. E. 721). It was said by the Supreme Court in *Van Arsdale* v. *Joiner,* 44 *Ga.* 173 (4), that under the latter circumstances the measure of the pledgor's damage would be the value of the property less the amount of the debt; but whether the court by "value" in that case meant the highest proved value (at the plaintiff's election) between the conversion and the trial, it did not say. The question does not appear to have been involved, and although that case was cited as authority for the ruling in *Waring* v. *Gaskill,* supra, it would seem that the true reason for the measure of damages applied in the last-mentioned case was not that the property had been pledged, but that the claim for the conversion was made ex contractu. The question was expressly left open in the *Halliday* case. It is not really involved in the present case except in so far as its consideration may be pertinent to an analysis of the decisions upon the point presented for decision and kindred subjects. The decisions in other jurisdictions are not altogether harmonious on the question. See 21 R. C. L. 676, 678, §§ 38, 40; 43 L. R. A. 768, note.

We see no reason, however, why if the pledgor does so take the initiative and bring a trover action, he might not as in other cases of trover recover the highest proved value between the conversion and the trial, less any amount of his debt remaining unpaid. If he is entitled to bring trover, we think he is entitled also to all the benefits of that character of action. Civil Code (1910), §§ 4514, 5929, 5930. This was practically held by this court in *Bank of LaGrange* v. *Guinn,* 26 *Ga. App.* 411 (1) (106 S. E. 308). See also *Tuller* v. *Carter,* 59 *Ga.* 395 (1) (2); *O'Neill Mfg. Co.* v. *Woodley,* 118 *Ga.* 114 (1) (44 S. E. 980); *Bank of Blakely* v. *Cobb,* 5 *Ga. App.* 289 (63 S. E. 24); *Smith* v. *Duke,* 6 *Ga. App.* 75 (2) (64 S. E. 292); *Dunn* v. *Young,* 22 *Ga. App.* 17 (95 S. E. 374).

Whether, if the pledgor takes no action until after he is sued by the pledgee, it will then be too late for him to file an independent suit in trover for the conversion, clearly is not now a question for decision, but the writer takes occasion to say that in his opinion it would not be. If he should accept the conversion as a breach of the obligation implied in the pledge, viewing the pledge contract as

part and parcel with the loan contract, the pledgor would be bound by the rule that all the rights of the parties to a litigation which accrued under the same contract must be litigated in one action. *Evans* v. *Collier,* 79 *Ga.* 319 (2) (4 S. E. 266) ; *Jones* v. *Schacter,* 29 *Ga. App.* 132 (1) (114 S. E. 59). But it is my individual opinion that the pledgor, even when he is sued upon the debt, is not compelled to treat the conversion merely as a breach of a contract, but he may still classify it as a tort and bring his independent action therefor at any time within the statute of limitations, subject to the conditions expressed above, including estoppel by ratification, whether before or after a suit against him upon the debt. The Civil Code, § 3530, denounces any disposition of a pledge other than as prescribed therein, as a conversion when there is no contract providing otherwise, and I think that upon the conversion the pledgor might treat the pledge contract as rescinded and that he might, if he chose to do so, even after being sued upon the debt, act independently of such contract, regarding the pledgee as an original wrongdoer. If he would protect his right of action in trover, he would probably be obliged to prevent judgment against him upon the debt where the proceeds of the unauthorized sale had been credited, no matter when suit thereon was begun. Otherwise, it would seem that the sale might possibly be adjudicated lawful and thus be a ground of bar to his action in trover. *Miller* v. *Parker,* 133 *Ga.* 187 (1) (65 S. E. 410). *Perhaps* he could only do this by pleading rescission on account of the conversion and tendering the amount of the debt independently of credits from the sale. It will be understood, however, that the court does not enter into any decision upon the right of the pledgor to bring trover after he is sued upon the contract, nor as to what would be the rights of the parties in case of conflicting suits, regardless of which was brought first. See *Johnson* v. *Reeves,* 112 *Ga.* 690 (37 S. E. 980) ; *Ray* v. *Fleetwood,* 106 *Ga.* 253 (32 S. E. 156) ; *Newsome* v. *Smith,* 25 *Ga. App.* 148 (2) (102 S. E. 841).

Returning to the subject of the measure of damage which the pledgor may recoup, if he adopts that remedy, we may note by analogy, that even where property is converted independently of a pledge, and is sold, and the owner seeks redress in an action in form ex contractu, he can only recover of the wrongdoer its value at the time of the conversion, as upon an implied contract, or the

proceeds of the sale, as for money had and received. Civil Code (1910), §§ 4407, 5513; *Merchants Bank* v. *Rawls,* 7 *Ga.* 191 (2) (50 Ann. Dec. 394); *Blalock* v. *Phillips,* 38 *Ga.* 216 (3); *James* v. *Smith,* 62 *Ga.* 345 (3); *Buchanan* v. *McClain,* 110 *Ga.* 477 (3) (35 S. E. 665); *Cragg* v. *Arendale,* 113 *Ga.* 181 (3) (38 S. E. 399); *Rhodes* v. *Freeman,* 2 *Ga. App.* 473 (1) (58 S. E. 696). The same is also true in case of a converted pledge, even though the pledgor takes the initiative, if he only does so by an ex contractu form of action. In the recent case of *Blalock* v. *Adams,* 31 *Ga. App.* 68 (119 S. E. 465), the action was for the proceeds of the unauthorized sale of a pledge as for money had and received.

It would seem that in a case like the present, where the defendants' damage is from the breach of an implied contract, the jury might augment the ascertained damages by the addition of legal interest from the breach till the recovery. "In all cases where an amount ascertained would be the damages at the time of the breach, it may be increased by the addition of legal interest from that time till the recovery." Civil Code (1910), § 4396. "In an action upon breach of contract, where the damages are not liquidated, interest is not recoverable as such; but the jury in their discretion may increase the immediate amount of damages found, by an allowance of interest." *Tifton &c. Ry. Co.* v. *Butler,* 4 *Ga. App.* 191 (1) (60 S. E. 1087). See also *Chatham Ice Cream Co.* v. *Sakakeeny,* 29 *Ga. App.* 768 (3) (116 S. E. 558); *Central R. Co.* v. *Atlantic & Gulf R. Co.,* 50 *Ga.* 444 (3).

The learned counsel for the defendant in error have contended earnestly that the decisions of the Supreme Court in *Waring* v. *Gaskill,* 95 *Ga.* 731 (2) (22 S. E. 659), and *Harrell* v. *Citizens Banking Co.,* 111 *Ga.* 846 (1) (2) (36 S. E. 460), do not correctly state the measure of damages that may be recouped in a case of this sort, and request in substance that, unless these cases are found to be distinguishable from the one at bar, a question be certified to the Supreme Court in order that they may be reviewed. After a most thorough examination of many cases bearing upon the question we do not doubt the soundness of these decisions, and deemed it proper to decline the suggestion to certify. For the reasons we have given, we are content with the rule which they state.

The able judge who tried the case below rendered an opinion in connection with his judgment. In each of the cases upon which

he relied the action was either in tort or the recoupment was based upon a special contract whereby the aggrieved party was entitled to a different measure of damage from that which ordinarily obtains where the claim is ex contractu. The judge was right, viewing the case from the premises which he took. But he apparently overlooked the fact that the defendants' claim, in the very nature of the case, was one ex contractu, and that without a special contract entitling them to the measure of damages allowed.

We do not think there is anything said in *Holmes* v. *Langston,* 110 *Ga.* 861 (2) (36 S. E. 251), contrary to the views herein expressed.

*Judgment reversed.. Stephens, J., concurs. Jenkins, P. J., disqualified.*