## 15648.   HENRY COTTON MILLS *v.* SHOENIG & COMPANY.

1-3. Under the pleadings in this case the amount recoverable for the cotton stored with the defendant and alleged to have been converted by it to its own use, and for the purchase of which it held an option from the plaintiff, was not the price fixed in the option contract, the option having by its terms expired and, so far as appears, not having been

extended, before the cotton was used by the defendant, but the action should be construed as claiming damages for a tortious conversion; and, since there was no proof of the value of the cotton at the time of the alleged conversion or between that time and the date of the trial, the verdict directed for the plaintiff, based solely upon the price fixed in the expired option, was contrary to law, as being without evidence to support it.

4. It was error to exclude the testimony offered by the defendant as to the actual market value of the cotton on the date on which it was used or sold by the defendant.

5. It was not error to exclude testimony offered by the defendant as to the reasonable value of storage of the cotton in its warehouse between the time of the expiration of the option and the time of the alleged conversion; the defendant not being entitled to set up a claim for such charges —a claim ex contractu—as against a claim in tort for the conversion.

DECIDED FEBRUARY 12, 1925.

Complaint; from Pulaski superior court—Judge Graham. April 19, 1924.

Henry Cotton Mills entered into the following contract with Shoenig & Company:

"December 27th, 1921.

"I have in storage for N. J. Shoenig & Company, Sylvester, Ga., 10 bales of cotton pickings in our warehouse. I accept 10 bales at 10c. per lb., and I advance $750.00 and charges on the 20 bales, should they order out the stuff immediately, I am to draw on N. J. Shoenig & Company the difference between $750.00 and the cost of the 10 bales that I have accepted. Should I want to keep the balance, I am to pay for it at 10c. per lb. No charge after taking out of depot. Cotton is now insured. This agreement is good for sixty days. Yours truly,

"Henry Cotton Mills,

"D. E. Duggan."

Shoenig & Company, owners of the cotton, sued Henry Cotton Mills, setting out the contract by way of inducement, and alleged that the defendant had in storage for the plaintiffs the 10 bales of cotton accepted in the contract at the price fixed of ten cents per pound (as to which bales there seems to be no question), and also the ten additional bales as to which the option was provided in the contract. It was alleged that the defendant "used and converted to its own use" these bales, "the total *value* of which is" a stated sum, and that the defendant is due the plaintiffs, "under said contract," the difference between said "value" and the $750 advanced to the plaintiffs. The court directed a

verdict for the plaintiffs, which appears to be based solely upon the difference between the amount advanced and the price of the cotton as fixed by the option contract, allowing also a deduction for loss in weight. The defendant's motion for new trial is based on the general grounds, and upon exceptions to the rejection of testimony (as irrelevant) that the actual market value of the cotton on the date of its use by the defendant was 4-1/2 cents per pound, and also to the exclusion of testimony seeking to show that "a fair, reasonable charge for storage for the 10 bales of cotton between" the time of expiration of the contract and the date on which the cotton was used was $43, which it is contended was a proper allowance by way of counterclaim. There appears to have been no communication between the parties after the making of the contract, and nothing to show an express or implied extension of the time fixed thereby. The plaintiffs did not "order out" the cotton. The defendant never notified them that it would use the cotton, but, it seems, merely kept the cotton until June 1, 1922, and then used it. There was no proof as to the market value at that time, the testimony offered by the defendant, that it was only 4-1/2 cents a pound, being excluded.

*H. F. Lawson,* for plaintiff in error.

*L. C. Ryan,* contra.

JENKINS, P. J. (After stating the foregoing facts.)

1. "Time is not generally of the essence of a contract; but, by express stipulation or reasonable construction, it may become so." Civil Code (1910), § 4268 (8). It "is of the essence of a contract when the parties have expressly so treated it, or when it is necessarily so from the nature and circumstances of the contract." *Sneed* v. *Wiggins,* 3 *Ga.* 94, 99, 100. "As a general rule a time fixed by a contract within which an option may be exercised is to be regarded as of the essence." "Where the subject-matter of the contract is of speculative or fluctuating value, it is generally held that the parties have intended that time shall be of the essence." 13 C. J. 688. See also *Emery* v. *Atlanta,* 88 *Ga.* 321 (1), 329 (14 S. E. 556); *Watkins* v. *Hendrix,* 137 *Ga.* 330 (1), 331 (73 S. E. 581). Where an option or contract for the sale of a commodity having a fluctuating value clearly fixes by unambiguous language a time for performance, and where there is no evidence tending to show that the parties did not intend that time should be of the

essence of the contract (see *Ala. Construction Co.* v. *Continental Car Co.,* 131 *Ga.* 365, 368, 62 S. E. 160), but the contract and the surrounding circumstances manifestly show that the parties intended that time should be of such essence, the court may so rule as a matter of law. See *Augusta Factory* v. *Mente,* 132 *Ga.* 503 (2), 509, 510, 511 (64 S. E. 553); 13 C. J. 783 et seq. In the instant case the option or contract for the sale of cotton,—a commodity having a fluctuating value,—in which it was provided that "this agreement is good for 60 days," time was of the essence of the contract, and the rights of the parties to act thereunder, in the absence of a novation or of an express or implied extension of such time, terminated at the end of the period stated. Thus, if the instant suit by the owners for the recovery of the value of cotton stored with the defendant were construed as one upon the contract between the parties, a verdict for the defendant would have been demanded.

2. "When a transaction partakes of the nature both of a tort and a contract, the party complaining may waive the one and rely upon the other." Civil Code (1910), § 4407; *Stokes* v. *Wright,* 20 *Ga. App.* 325 (93 S. E. 27). Where a petition is ambiguous in failing to make clear whether the cause of action and remedy relied upon is one sounding in contract or in tort, the courts have applied various rules of construction, according to the jurisdiction sought to be invoked and the facts involved, the general rule being that, "where a petition can be construed either as a suit in contract or as an action for a breach of duty arising out of the contract, the latter construction will be adopted," and the petition "will be construed as claiming damages for the tort." *Central of Ga. Ry. Co.* v. *Chicago Portrait Co.,* 121 *Ga.* 11 (1), 12, 13 (48 S. E. 727); *So. Bell Tel. Co.* v. *Earle,* 118 *Ga.* 506 (5), 511 (45 S. E. 272). See also *Owens* v. *Nichols,* 139 *Ga.* 475, 476 (77 S. E. 635); *Buchanan* v. *McClain,* 110 *Ga.* 477 (35 S. E. 665); *Reynolds* v. *Padgett,* 94 *Ga.* 347 (21 S. E. 570); *City & Suburban Ry. Co.* v. *Brauss,* 70 *Ga.* 368; *Lamb* v. *McHan,* 17 *Ga. App.* 5, 6 (86 S. E. 252); *Fine* v. *So. Express Co.,* 10 *Ga. App.* 161 (73 S. E. 35); *Howard* v. *Cen. R. Co.,* 9 *Ga. App.* 617 (71 S. E. 1017); *Payton* v. *Gulf Line R. Co.,* 4 *Ga. App.* 762 (62 S. E. 469). In the absence of a special demurrer, however, where the facts alleged are appropriate to support either of two forms of action, the courts

will "presume that [the pleader's] purpose was to serve his best interest, and will construe the pleadings so as to uphold and not to defeat the action." *Stoddard* v. *Campbell, 27 Ga. App.* 363 (3) (108 S. E. 311), and citations.

3. There being no evidence as to an express or implied extension of the time fixed by the contract for the purchase of the cotton, the plaintiffs not being entitled to maintain their action as upon the contract for the price fixed thereby, and their petition not seeking to recover as upon a quantum valebat or implied promise to pay, the action could be sustained only as one in tort, based upon the alleged conversion of the cotton by the defendant. The proper measure of damages, therefore, was not the price of the cotton provided in the expired option. *Waring* v. *Gaskill, 95 Ga.* 731 (2) (22 S. E. 659) ; *Campbell* v. *Redwine, 22 Ga. App.* 455 (3) (96 S. E. 347). The proof in the instant case wholly failing to show what the value of the cotton was at the time of the alleged conversion, or between that time and the date of trial, the verdict directed for the plaintiff, based solely upon the price stated in the expired option, was contrary to law, as being without evidence to support it. Whether on a retrial the plaintiff would be entitled to claim, under the pleadings as they may be amended and facts which may then develop, the highest proved value between the date of the alleged conversion and the trial is a question that the record does not now present for determination. But see, in this connection, *Bennett* v. *Tucker, 32 Ga. App.* 288 (123 S. E. 165), and citations. See also *Waring* v. *Gaskill,* supra; *Campbell* v. *Redwine,* supra.

4. Under the preceding rulings it was error to exclude evidence offered for the defendant as to the actual market value of the cotton on the date when it was sold or used by the defendant, which amount was less than that sought to be recovered by the plaintiffs.

5. The defendant not being entitled to claim storage charges—a claim ex contractu—for keeping the plaintiffs' cotton in its warehouse during the time from the expiration of the contract to the alleged conversion, as against the plaintiffs' claim in tort for such conversion, the court did not err in excluding, as irrelevant, proof as to the reasonable value of such storage. See *Harden* v. *Lang,* 110 *Ga.* 392 (2), 400; *Johnson* v. *Reeves,* 112 *Ga.* 690, 691; *Ingram* v. *Jordan,* 55 *Ga.* 356 (2).

*Judgment reversed. Stephens and Bell, JJ., concur.*