## 21258. SCOTT *v.* LATHEM & SONS.

JENKINS, P. J. This was a suit for the value of two bales of cotton which the plaintiff alleged had been grown on his premises by a tenant and stored by the tenant with the defendants, the petition alleging that after the cotton was stored with the defendants, the plaintiff and the tenant had a final settlement and the tenant turned over to the plaintiff his claim on the two bales of cotton, and surrendered the tags showing the warehouse numbers, and that the defendants thereafter refused to surrender the cotton upon the plaintiff's demand. On the trial it appeared, without dispute, that the cotton was pledged by the tenant to the defendants as security for a debt owing by the tenant, and that the "tags" issued to the tenant contained merely an identification number, and did not recite the receipt of the cotton for storage. The exact amount of the claim of the defendants against the tenant was not shown, but there was testimony on behalf of the defendants to the effect that the proceeds of the sale made by them of the cotton were applied to the account for supplies and fertilizer owing by the tenant, and some evidence to the effect that the plaintiff himself owed for at least a portion of the fertilizer bought by the tenant from the defendants. The verdict being for the defendants, and the plaintiff's motion for a new trial being overruled, the movant excepted. *Held:*

1. The instant proceeding not being one by a landlord to enforce his lien on crops grown on his premises, and the tenant having title to the cotton at the time it was pledged to the defendant, and there being no evidence going to show that the defendants actually received more for the cotton than the amount of the debt for which it was pledged (*Campbell* v. *Redwine,* 22 *Ga. App.* 455 (3), 96 S. E. 347), the verdict in favor of the defendants was authorized, if not demanded.

2. The charge of the court that "If the defendants in this case sold and disposed of cotton, property that belonged to plaintiff, and did not account to him for the proceeds of it, then the plaintiff would be entitled to recover for the value of it, with interest on it from the time that demand was made upon them; if on the other hand you are not convinced that the defendants sold cotton that belonged to this plaintiff, he would not be entitled to recover," was not error for the reason assigned that it put upon the plaintiff the burden of proving his case to a greater degree of certainty than that required by law, since the court elsewhere charged the jury that the burden resting upon the plaintiff was that of establishing his right to recover by a preponderance of the evidence, and correctly instructed the jury as to what constituted a preponderance of the evidence.

3. The court properly instructed the jury, upon their request for further instruction, that they were not to consider the fact that the plaintiff "had any rent in that cotton," since the plaintiff relied upon a claim of title to the property, and did not seek to set up a lien for rent.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 16, 1931. REHEARING DENIED DECEMBER 21, 1931.

*J. P. Brooke,* for plaintiff.  *A. J. Henderson,* for defendants.